STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. RUBIN MOLINA, DEFENDANT–APPELLANT.

Argued September 14, 1988—Decided February 7, 1989.

*David L. Kervick,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney).

*Julie Davidson,* Deputy Attorney General, argued the cause for respondent (*Cary Edwards,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

In the companion case, *State v. Baylass,* 114 *N.J.* 169, decided today, we held that probation violations may be used on

the "in-out" decision whether to revoke probation and incarcerate the defendant. We held further that a probation violation is neither an aggravating factor nor evidence of such a factor. The violation, however, may be used to diminish or negate mitigating factors such as defendant's ability to lead a law-abiding life, *N.J.S.A.* 2C:44–1b(7); the unlikelihood as manifested through defendant's character and attitude that he will commit another offense, *N.J.S.A.* 2C:44–1b(9); and the likelihood that he will respond affirmatively to probation, *N.J.S.A.* 2C:44–1b(10). For a defendant who has committed multiple offenses, we held that a probation violation may not be used to determine whether the sentences should be concurrent or consecutive. *Baylass, supra,* 114 *N.J.* at 173. Finally, we emphasized the need for a court to identify and weigh aggravating and mitigating factors at both the original sentencing hearing and the probation violations hearing. *Id.* at 173. With those rules in mind, we turn to the present case.

–I–

Defendant, Rubin Molina, admitted that on July 30, 1985, he possessed at the time of his arrest "a nickel bag and dime of coke," and on December 2, 1985, he pled guilty to possession of cocaine. *N.J.S.A.* 24:21–20a(1) (*repealed by* Comprehensive Drug Reform Act of 1986, *L.*1987, *c.* 106 (codified at *N.J.S.A.* 2C:35–1 to –23)). Under Title 24, such an offense is punishable by a term of imprisonment not to exceed five years. *Ibid.* Defendant also pled guilty to escape, a third-degree offense. *N.J.S.A.* 2C:29–5. Although the record before the trial court is not clear, that offense apparently arose out of defendant's unauthorized departure from municipal court while he was in custody along with some fifteen other defendants.

Pursuant to a plea agreement, defendant was sentenced on the escape charge to two years' probation, and on the cocaine possession to five years' probation with a ninety-day county jail term. In imposing the jail term, the court noted that

the defendant was involved in possession of marijuana on a previous occasion and was fined and that didn't convince him of the error of his ways, because he then became involved in possession of C.D.S. again. And, it is for that reason that it is absolutely necessary that defendant be sent to jail, because we have to try to convince him in some way the criminal justice system is serious and will not tolerate one who continually commits criminal acts.

The court also warned defendant that if he violated the terms of probation, it could resentence him to consecutive maximum terms of five years with a two-and-one-half year parole disqualifier on each count.

Defendant, however, continued his drug use and failed to attend a drug rehabilitation program. Consequently, on April 15, 1987, he appeared before the court for a probation violations hearing. At that hearing, the court found that imprisonment was necessary. Mixing the need to deter defendant and others from criminal activity with the need to punish and rehabilitate defendant, the court stated:

All efforts at punishment thus far have been a complete and total failure. So, obviously he hasn't been punished and we have not deterred him from continuing the use of drugs, because that, he did on a continuous pattern, starting a few months after sentencing, probably never stopped the use of drugs. We find there are no prospects for rehabilitation unless the gentleman in some way is convinced that society will not tolerate his conduct, that he will rid himself of drugs whether he likes it or not and, hopefully, we'll put him in a facility where he will not have access to them and for the first time, why, he will, by the passage of time alone, rid his body of the temptation to use drugs.

The court thereupon resentenced defendant to two consecutive terms of five years, the maximum sentence under *N.J.S.A.* 2C:43–6a(3) and the now repealed *N.J.S.A.* 24:21–20(a)(1), and imposed an eighteen-month period of parole ineligibility on each count. In an unreported decision, an excess-sentencing panel of the Appellate Division affirmed. We granted defendant's petition for certification, 111 *N.J.* 562 (1988), and now reverse the judgment of the Appellate Division.

–II–

[1] Once a defendant is found guilty of a probation violation, the sentencing court must reassess the "in-out" decision. If the court decides to incarcerate the defendant, it must weigh

the original aggravating and surviving mitigating factors to determine the appropriate sentence. *Baylass, supra,* 114 *N.J.* at 178.

At the resentencing hearing in the instant case, the only aggravating factor discussed by the trial court was the need to deter defendant from illegal drug use. *N.J.S.A.* 2C:44-1a(9). With reference to the mitigating factors, the court found inapplicable *N.J.S.A.* 2C:44-1b(1), which requires that "defendant's conduct neither caused nor threatened serious harm." In reaching that result, the court said the "use of drugs in the opinion of the court is a serious threat to commit harm. It's not uncommon at all for persons under the influence of drugs for the purpose of desiring to obtain the money to buy the drugs to commit very serious and heinous crimes."

█ As relevant as that observation might be in another case, nothing in the record supports its application to the defendant. To this extent, therefore, the court's observation contravenes the requirement that the sentencing court be guided by the facts surrounding the defendant's offense. *N.J.S.A.* 2C:44-1a(1) and b(1). The record, moreover, does not reflect the court's balancing of aggravating and mitigating factors on the decision to incarcerate defendant, to determine the length of his sentence, or to require him to serve a period of parole ineligibility. We cannot determine, therefore, whether the court weighed the aggravating and mitigating factors consistent with the *Baylass* standards. *Baylass, supra,* 114 *N.J.* at 178.

Because defendant's possessory offense antedates the Comprehensive Drug Reform Act of 1986, which transferred drug offenses from Title 24 into the Code, we must consider the effect of his probation violations on his original sentence for the Title 24 offense. Notwithstanding its general applicability to Title 24 offenses, the Code provisions correlating the length of a sentence to the degree of a crime do not apply to those offenses. *State v. Sainz,* 107 *N.J.* 283, 286-87 (1987). The Code defers to the penalties of Title 24, *N.J.S.A.* 2C:35-23a,

which specifies the length of sentences for particular drug-related offenses. *See N.J.S.A.* 24:21–20. Code provisions that are not degree-related, however, remain relevant to Title 24 offenses, with the result that a court should weigh the aggravating and mitigating factors to determine the appropriate sentence for drug offenders. *Sainz, supra,* 107 *N.J.* at 288; *State v. Tremblay,* 185 *N.J.Super.* 137, 140 (Law Div.1982); *see also State v. Flippen,* 208 *N.J.Super.* 573, 576 (App.Div.1986) (parole ineligibility terms are applicable to Title 24 offenses because they can be attached to "any crime"). On resentencing defendant, therefore, the court should weigh the aggravating factors and mitigating factors for both the escape charge, *N.J.S.A.* 2C:29–5, and the Title 24 offense.

On remand, the trial court should initially reconsider the "in-out" decision. If the court decides to revoke defendant's probation, then in arriving at the length of the sentence, it must balance the original aggravating and surviving mitigating factors. *Baylass, supra,* 114 *N.J.* at 178. Furthermore, to impose a period of parole ineligibility, the court must be clearly convinced that the aggravating factors substantially outweigh the mitigating factors. *N.J.S.A.* 2C:43–6b.

Our final point concerns whether defendant's sentences should be consecutive or concurrent. When imposing consecutive, rather than concurrent, sentences at the probation violations hearing, the court correctly observed that defendant's offenses were "separate and distinct" and that "no one should get a free crime * * *." *See State v. Yarbough,* 100 *N.J.* 627, 643–44 (1985). Defendant contends, however, that the court improperly double-counted the aggravating factors to arrive at sentences that were both the maximum for each offense and consecutive to each other. As we explained in *Baylass, supra,* 114 *N.J.* at 178, probation violations may not be considered as aggravating factors. We are unsure whether the trial court would reach the same result on a proper consideration of the effect of the probation violations. Hence, we are obliged also to remand on this point.

The judgment of the Appellate Division is reversed, and the matter is remanded to the Law Division.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, POLLOCK, GARIBALDI and STEIN—7.

*For affirmance*—None.