625 A.2d 1132

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. MICHAEL SUTTON, DEFENDANT–APPELLANT.

Argued January 19, 1993—Decided June 22, 1993.

*James K. Smith, Jr.*, Deputy Public Defender, argued the cause for appellant (*Zulima V. Farber*, Public Defender, attorney).

*Carol M. Henderson,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

STEIN, J.

This appeal concerns the scope of a court's discretion when resentencing a defendant for violation of the conditions of a probationary term based on proof of a subsequent criminal conviction. We consider whether, following revocation of probation, a court may impose either a term concurrent or consecutive to the sentence received for the subsequent offense, or whether *N.J.S.A.* 2C:44–5f(3) requires that any sentence imposed for the violation of probation be consecutive to the sentence imposed for the subsequent offense.

I

In January 1989, defendant, Michael Sutton, was indicted in Ocean County for two counts of possession of a controlled dangerous substance, contrary to *N.J.S.A.* 2C:35–10a(1), and possession of a controlled dangerous substance with intent to distribute, contrary to *N.J.S.A.* 2C:35–5a(1) and b(3) ("Ocean County offense"). Defendant pleaded guilty to the possession-with-intent-to-distribute charge. In exchange, the County Prosecutor agreed to dismiss the remaining counts and recommend a sentence of time served.

At the plea hearing, defendant admitted that on April 6, 1988, he and three other persons had been stopped by the New Jersey State Police for a motor-vehicle violation. During the course of that stop, police had found approximately 2.83 grams of heroin and 1.02 grams of cocaine in defendant's possession. Defendant admitted that although the heroin had been primarily for his personal use, "eventually [he] would have shared some with the other members of the car." Satisfied that defendant's

recitation provided an adequate factual basis, the court accepted the plea.

The court sentenced defendant to a five-year probationary term with the condition that he enter a drug-treatment program. Further, the court revoked defendant's driver's license for twenty-four months and imposed a $1,000 D.E.D.R. penalty, a $50 forensic-laboratory fee, and a $30 V.C.C.B. penalty.

To accommodate defendant, probationary supervision was transferred to Atlantic County. While on probation, defendant was arrested in Atlantic County for new drug offenses. Defendant was indicted for possession of a controlled dangerous substance, contrary to *N.J.S.A.* 2C:35–10a(1); possession of a controlled dangerous substance with intent to distribute, contrary to *N.J.S.A.* 2C:35–5b(3); and distribution of a controlled dangerous substance, contrary to *N.J.S.A.* 2C:35–5b(3) ("Atlantic County offense").

Defendant pleaded guilty to the possession and possession-with-intent-to-distribute charges. In establishing a factual basis for his plea, defendant admitted that on July 8, 1989, a police officer had discovered one bag of heroin on defendant's person. With respect to the possession-with-intent-to-distribute charge, defendant explained that on June 10, 1990, a man had offered defendant forty dollars with which to purchase two bags of heroin, one of which defendant could retain for his personal use. Defendant admitted that he had bought the heroin and had distributed one bag to the man.

Because of defendant's prior convictions for possession with intent to distribute, including the Ocean County offense, he was sentenced to an extended term of ten-years imprisonment with a two-year period of parole ineligibility. *N.J.S.A.* 2C:43–6f. In addition, defendant's driving privileges were suspended for twenty-four months and he was required to pay a $1,000 D.E.D.R. penalty, a $50 forensic-laboratory fee, and a $30 V.C.C.B. penalty.

Thereafter, the Ocean County Probation Department charged defendant with violating the conditions of his probationary term. On November 5, 1990, the trial court sustained the charge, citing defendant's recent conviction in Atlantic County. The court resentenced defendant for the Ocean County offense to the presumptive term of four years and ordered that it run consecutive to the Atlantic County sentence. The court justified its decision to impose a consecutive term, stating:

> [P]robation is a privilege and when you violate probation, my position is, you get an additional jail sentence.
>
> \* \* \* \* \* \* \* \*
>
> I don't think that anytime someone commits an offense while on probation, they should have a [concurrent] sentence. I don't know if I've ever imposed a [concurrent] sentence when it wasn't brought to me as a package deal, and I don't think it's appropriate in this case. \* \* \* I'm sorry, Mr. Sutton, but I just don't think that there should be free crimes, and that's the way I interpret it anytime a sentence was given.

Defendant appealed. In an unreported decision, an excessive-sentence panel of the Appellate Division remanded the matter to the trial court for reconsideration in light of our decisions in *State v. Molina*, 114 *N.J.* 181, 553 *A.*2d 332 (1989); *State v. Baylass*, 114 *N.J.* 169, 553 *A.*2d 326 (1989); and *State v. Yarbough*, 100 *N.J.* 627, 498 *A.*2d 1239 (1985), *cert. denied*, 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986).

At the resentencing hearing, defense counsel urged that any term imposed for the Ocean County offense based on the violation of probation should be made concurrent with the Atlantic County sentence. In response to the court's concern that a concurrent sentence would allow "one free crime", defense counsel explained that defendant had received an extended sentence in Atlantic County, in part because defendant had been on probation at the time those offenses had been committed. The County Prosecutor did not recommend either a concurrent or consecutive term but rather deferred to the court's discretion.

The court reimposed a four-year term consecutive to the Atlantic County sentence, stating:

When someone goes on probation, they are on probation, it's a privilege. If they violate probation, they're going to get a sentence from me invariably, or almost invariably. It's very rare that I don't impose a sentence. When you're on probation, you commit another crime, you violate probation, you're going to get sentenced.

\* \* \* \* \* \* \* \*

[A]s far as I'm concerned, it's tantamount to a free crime when you are not sentenced. I believe strongly that if someone's on probation, they violate probation, they should get an additional sentence. And that's what I imposed.

I again impose the same sentence, four-year sentence; and it's to be not concurrent, but consecutive. That's been my approach consistently. I think it's the proper approach, still think it's the proper approach. And I'm sorry, but that's the way I feel, and I have to live with my conscience.

\* \* \* \* \* \* \* \*

If you commit an offense while you're on probation, and you come back to me, you're going to get a sentence, and not something concurrent unless my hands are tied by an agreement the prosecutor has entered into. Unfortunately, I have to live with my conscience, and I have to impose the sentence I feel is appropriate; and that's what I have done.

\* \* \* \* \* \* \* \*

Unless my hands are tied by some agreement that affects me and my ability to make the decision I feel is appropriate, then I'm going to do what I feel is proper. And when someone's on probation and they violate probation, they're going to get sentenced from me almost invariably, unless there's some strong reason. I can't think of an example where I haven't done that.

Defendant again appealed. Defense counsel argued that, contrary to *Molina, supra,* 114 *N.J.* 181, 553 *A.*2d 332, the sentencing court improperly had considered defendant's probation violation in determining whether the sentence should be concurrent with or consecutive to the Atlantic County conviction. In addition, defense counsel maintained that had the trial court properly applied the factors outlined in our decision in *Yarbough, supra,* 100 *N.J.* 627, 498 *A.*2d 1239, a concurrent sentence would have been warranted. In an unreported decision, an excessive-sentence panel of the Appellate Division affirmed. We granted defendant's petition for certification, 130 *N.J.* 19, 611 *A.*2d 657 (1992).

Before us the State asserts, for the first time, that a court's discretion in sentencing a defendant whose probationary term

has been revoked because of a subsequent conviction is governed by *N.J.S.A.* 2C:44–5f(3). The State contends that that statute requires that with respect to a defendant who commits a crime while on probation, any imprisonment following revocation of probation must be consecutive to the sentence received for the offense that formed the basis of the probation violation. The statute provides:

> f. Suspension of sentence or probation and imprisonment; multiple terms of suspension and probation. When a defendant is sentenced for more than one offense or a defendant already under sentence is sentenced for another offense committed prior to the former sentence:
>
>    *     *     *     *     *     *     *     *
>
> (3) When a sentence of imprisonment in excess of 1 year is imposed, the service of such sentence shall satisfy a * * * sentence to probation, unless the * * * probation has been violated in which case any imprisonment for the violation shall run consecutively * * *.

Defendant argues that provisions of *N.J.S.A.* 2C:44–5 other than subsection f(3) also apply to the sentencing decision presented by this appeal. More specifically, defendant contends that a sentencing court is vested with the discretion to impose either a concurrent or consecutive term following revocation of probation under *N.J.S.A.* 2C:44–5a, which provides:

> a. Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense, including an offense for which a * * * sentence of probation has been revoked, such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence * * *.

Defendant argues that the sentencing court's exercise of its discretion must be reviewed in light of the guidelines established in *Yarbough, Baylass,* and *Molina.* Defendant asserts that the sentencing court's inflexible policy of imposing consecutive terms whenever probation is revoked because of a subsequent conviction is contrary to those guidelines. Further, defendant contends that if those guidelines had been applied properly to this record, concurrent sentences would have been ordered. In addressing those contentions, we first consider the provisions of *N.J.S.A.* 2C:44–5 in order to determine the scope of a court's discretion when sentencing a defendant whose

probationary term has been revoked because of a subsequent conviction.

## II

In resolving questions of statutory construction, our judicial function is to effectuate the intent of the Legislature. *State v. Maguire,* 84 *N.J.* 508, 514, 423 *A.*2d 294 (1980). As a general rule, we consider first the plain language of the statute. *State v. Butler,* 89 *N.J.* 220, 226, 445 *A.*2d 399 (1982). If the statute is clear and unambiguous, we need not look beyond its terms to determine the legislative intent. *Ibid.*

During oral argument, the State acknowledged the inconsistencies presented by *N.J.S.A.* 2C:44-5. The State recognized that both subsections a and f could apply to the sentencing decision presented by this appeal and that their applications would lead to contrary results. The State argued, however, that subsection f was the more specific provision and therefore takes precedence over subsection a.

Because *N.J.S.A.* 2C:44-5 includes provisions that appear to be inconsistent, we must examine its history and purpose to ascertain the Legislature's underlying intent. *Brewer v. Porch,* 53 *N.J.* 167, 174, 249 *A.*2d 388 (1969). Ultimately, we seek an interpretation that will "make the most consistent whole of the statute." *State v. A.N.J.,* 98 *N.J.* 421, 424, 487 *A.*2d 324 (1985). In so doing, we remain mindful that absent a clearly-expressed legislative intent, penal statutes must be construed strictly against the State. *State v. Valentin,* 105 *N.J.* 14, 17-18, 519 *A.*2d 322 (1987).

*N.J.S.A.* 2C:44-5 was enacted to regulate the imposition of concurrent or consecutive terms following multiple convictions. II The New Jersey Penal Code: Commentary, *Final Report of the New Jersey Criminal Law Revision Commission* 335 (1971) (*Final Commission Report*). Each provision addresses a different multiple-sentencing situation depending on "(1) whether the two (or more) convictions were at the same time or

at different times and (2) whether a custodial sentence was imposed by the earlier sentence * * *." *Ibid.*

As originally adopted, two provisions addressed multiple sentencing in the context of probation. *N.J.S.A.* 2C:44–5f, g. Subsection f applied to situations in which a probationer was sentenced to prison for a crime he or she had committed *prior to* being placed on probation and the probationary term was not revoked. It provided that service of the prison term would satisfy the prior probationary sentence. *N.J.S.A.* 2C:44–5f(3). Similarly, subsection g directed that when a defendant is sentenced to prison for a crime committed *while on* probation, and the probationary term is not revoked, service of the prison term satisfied the prior sentence to probation. *N.J.S.A.* 2C:44–5g(1).

According to the commentary to the parallel sections of the *Model Penal Code,* the purpose of those provisions was to prevent a defendant from simultaneously being subject to probationary supervision and parole. *Model Penal Code* § 7.06 explanatory note at 271–72 (1985). Thus, neither provision addressed sentencing following revocation of probation. The commentary to the *New Jersey Code of Criminal Justice,* *N.J.S.A.* 2C:1–1 to :98–4 (*Code*), however, provides some guidance. It notes that if a defendant's probation were revoked and the defendant resentenced after having been sentenced to prison for a separate offense, those sentences, "under Section 2C:44–5a, [ ] would run concurrently or consecutively as the Court might determine." *Final Commission Report* at 337. That commentary is consistent with the *Model Penal Code,* which provides that the decision to impose concurrent or consecutive terms following revocation of probation is discretionary. *Model Penal Code, supra,* at 271–72, 284.

During the 1982–83 session, the Legislature considered an amendment to *N.J.S.A.* 2C:44–5. Assembly Bill No. 483 (1983). As originally drafted, the bill proposed the addition of a new subsection h, which provided:

h. Offense committed while released pending disposition of a previous offense. When a defendant is sentenced to imprisonment for an offense committed while released, with or without bail, pending disposition of a previous offense, the term of imprisonment shall run consecutively to any sentence of imprisonment imposed for the first offense. [Assembly Bill No. 483 (1983), *N.J.S.* 2C:44-5h (original draft).]

According to the sponsor's statement accompanying the proposed amendment, the purpose of the bill was to "crack down on those who commit crimes while free awaiting disposition of a previous offense" and to eliminate the perception that an offender "can commit two crimes for the price of one." Before final approval, the bill was amended to provide that consecutive sentences should be imposed when a defendant commits a crime while released pending disposition of a previous offense "unless the court orders these sentences to run concurrently." Assembly Bill No. 483, *L.* 1983, *c.* 462.

Then–Governor Kean conditionally vetoed the legislation and issued a statement in which he expressed his support for the bill but suggested that its scope be broadened to include defendants who commit an offense while released on parole, probation, or while under a suspended sentence. The Governor noted that "[p]ersons who commit multiple offenses while released under some form of public trust should be required to serve a separate sentence for each offense." Governor's Reconsideration and Recommendation Statement to Assembly Bill No. 483 (November 21, 1983). The Governor's conditional-veto statement revealed no intention to distinguish the sentencing disposition of defendants who commit crimes while on probation from those who commit crimes while released on parole or bail.

The Governor recommended specific changes and returned the bill for reconsideration. The Governor's specific revisions, however, were inconsistent with his conditional-veto statement in that they provided for judicial discretion in the sentencing of defendants who commit an offense while released on parole and bail, but not for defendants who commit an offense while released on probation.

The Legislature adopted the Governor's recommendations, which are reflected in the current version of *N.J.S.A.* 2C:44–5. As finally enacted, the relevant provisions read as follows (deleted language in brackets, new language underscored):

c. Sentence of imprisonment for offense committed while on parole. When a defendant is sentenced to imprisonment for an offense committed while on parole in this State, such term of imprisonment and any period of reimprisonment that the parole board may require the defendant to serve upon the revocation of his parole shall run consecutively unless the court orders these sentences to run concurrently [unless the court orders them to run consecutively].

\* \* \* \* \* \* \* \*

f. Suspension of sentence or probation and imprisonment; multiple terms of suspension and probation. When a defendant is sentenced for more than one offense or a defendant already under sentence is sentenced for another offense committed prior to the former sentence:

\* \* \* \* \* \* \* \*

(3) When a sentence of imprisonment in excess of 1 year is imposed, the service of such sentence shall satisfy a suspended sentence on another count or prior suspended sentence or sentence to probation, unless the suspended sentence or probation has been violated in which case any imprisonment for the violation shall run consecutively;

\* \* \* \* \* \* \* \*

h. Offense committed while released pending disposition of a previous offense. When a defendant is sentenced to imprisonment for an offense committed while released, with or without bail, pending disposition of a previous offense, the term of imprisonment shall run consecutively, unless the court orders these sentences to run concurrently, to any sentence of imprisonment imposed for the [first] previous offense. [*L.*1983, *c.* 462.]

Thus, prior to 1983, the decision to impose concurrent or consecutive terms following revocation of probation was clearly discretionary under *N.J.S.A.* 2C:44–5a. Equally clear is that the objective of the 1983 amendments was to stiffen penalties for defendants who commit crimes while released on probation, parole, or bail. As enacted, however, the 1983 amendments create a presumption of consecutive terms for those who commit crimes while released on parole or bail, the court retaining the discretion to impose concurrent sentences. *N.J.S.A.* 2C:44–5c, h. According to the State's interpretation of subsection f(3), a court is without discretion to impose a concurrent sentence

for a violation of probation based on a conviction of a crime committed during probation.

## III

■■ Our review of the statute and its history leaves us unpersuaded that the Legislature intended to subject defendants who commit crimes while on probation to harsher punishment than those who do so while free on parole or bail. Our understanding of the statute is furthered by reference to Governor Kean's conditional-veto statement, which is instructive because it reflects his view that offenses committed while on probation, parole, or bail are equally violative of the public trust. In addition, in a press release dated January 13, 1984, the Governor stated that the "thrust" of the amendments was to "remove all presumptions of concurrent sentences when an individual * * * commits a crime while free on bail, parole or probation." Those communications from the Executive Branch offer reliable aid in determining legislative intent. *Oswin v. Shaw,* 129 *N.J.* 290, 308, 609 *A.*2d 415 (1992); 2A Norman J. Singer, *Sutherland Statutory Construction* § 48.05 (5th ed. 1992).

Several other factors impel us to conclude that the absence of discretionary language in subsection f(3) may be the result of legislative inadvertence. First, the Governor's conditional-veto statement contains no suggestion that defendants who commit crimes while on probation deserve harsher punishment that those who commit crimes while released on parole or bail. Second, subsection f's application to the sentencing decision presented by this appeal has been questioned. As one commentator explains, subsection f "does not regulate sentences for crimes committed while on probation." J. Cannel, *New Jersey Criminal Code Annotated,* comment 9 on *N.J.S.A.* 2C:44-5 (1992). Further, that commentator notes that "where an offense [is] committed on probation and probation * * * is revoked, sentencing is regulated by subsection a or b and by

subsection d." Cannel, *supra,* comment 10 on *N.J.S.A.* 2C:44–5. Nothing in the statute's history suggests that the 1983 amendments were intended to alter the original application of subsection f and include within its scope the sentencing issue before us today. Finally, the discretionary language in subsection a, the provision that previously governed sentencing following revocation of probation, was left undisturbed by the 1983 amendments.

In the absence of a clearer expression of legislative intent, we decline to impute to the Legislature the intent to remove entirely a court's discretion when sentencing a defendant who has committed a crime while on probation. Instead, we can be confident only that the Legislature intended to create a presumption of consecutive terms, subject to the exercise of judicial discretion, whenever a defendant commits an offense while released on probation, parole, or bail.

### IV

Having concluded that *N.J.S.A.* 2C:44–5 creates a presumption of consecutive terms whenever a defendant violates probation based on proof of a subsequent conviction, we consider the effect of that interpretation on the sentencing guidelines established by our earlier decisions. Defendant maintains that the sentencing court's "almost invariable policy" of imposing consecutive terms for probation violations is contrary to our decisions in *Molina, supra,* 114 *N.J.* 181, 553 *A.*2d 332, and *Baylass, supra,* 114 *N.J.* 169, 553 *A.*2d 326. Those decisions, however, addressed the impermissibility of considering probation violations as aggravating the severity of the sentence imposed for the offense for which probation initially had been ordered. *Molina, supra,* 114 *N.J.* at 184–85, 553 *A.*2d 332; *Baylass, supra,* 114 *N.J.* at 176, 553 *A.*2d 326. Our ruling in *Baylass* included the observation that when more than one offense constituted the basis for the probationary term, probation violations may not be used to justify the imposition of

consecutive sentences. 114 *N.J.* at 171, 553 *A.*2d 326. We did not consider or address the issue whether the sentence imposed for the offense leading to probation should, after a violation consisting of the commission of another crime, be consecutive to the sentence imposed for the subsequent offense.

Our decision in *Yarbough, supra,* 100 *N.J.* 627, 498 *A.*2d 1239, should guide the court's determination of whether the sentences should be concurrent or consecutive. Our understanding of *N.J.S.A.* 2C:44-5 is consistent with the *Yarbough* principle that, ordinarily, separate crimes deserve separate punishment. *Id.* at 643-44, 498 *A.*2d 1239. Nevertheless, the imposition of consecutive terms is not automatic but rather is informed by an exercise of judicial discretion that considers the factors outlined in *Yarbough. Ibid.* For example, *Yarbough* encourages sentencing courts to consider whether "the crimes and their objectives were predominantly independent of each other," and whether "the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior." *Id.* at 644, 498 *A.*2d 1239. In addition, in determining whether the terms should be concurrent or consecutive, the focus of the court should be on the fairness of the overall sentence. *State v. Miller,* 108 *N.J.* 112, 121, 527 *A.*2d 1362 (1987).

Our review of the proceedings below reveals that the sentencing court failed to exercise its discretion in a manner consistent with the standards established in *Yarbough.* Without specifically considering the underlying circumstances, the sentencing court automatically imposed a consecutive term for the probation violation. For example, the sentencing determination did not take into account that defendant's extended Atlantic County sentence incorporates an additional punitive element based on the prior Ocean County conviction. Nor did the sentencing court consider other factors specified in *Yarbough* that assist a sentencing court in discharging its responsi-

bility to engage in a thoughtful exercise of discretion in determining whether to impose consecutive or concurrent sentences. Although based on our construction of *N.J.S.A.* 2C:44–5 we would not regard consecutive sentences on this record as constituting an abuse of discretion, our confidence in the ultimate sentencing determination will be enhanced substantially by a sentencing proceeding that incorporates the deliberation and exercise of reasoned discretion that is appropriate to the issue before the court.

Remanded for resentencing.    Jurisdiction is not retained.

*For Remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.