799 A.2d 23 (2002)
351 N.J. Super. 505
STATE of New Jersey, Plaintiff-Respondent,
v.
Rodney CULLEN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted May 22, 2002.
Decided June 13, 2002.
*24 Peter A. Garcia, Acting Public Defender, attorney for appellant (Susan Brody, Assistant Deputy Public Defender, of counsel and on the brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (Jack J. Lipari, Assistant Prosecutor, of counsel and on the brief).
Before Judges CONLEY, A.A. RODRIGUEZ and LISA.
The opinion of the court was delivered by LISA, J.A.D.
Pursuant to a plea agreement, defendant pled guilty to possession of a controlled dangerous substance (N.J.S.A. 2C:35-10a(1)). The recommended sentence was probation, conditioned upon serving 180 days in the county jail. At sentencing, however, the judge, rather than imposing probation, suspended the imposition of sentence for five years. N.J.S.A. 2C:43-2b. Defendant was not required to serve any additional jail time and the judge noted defendant's entitlement to credit for sixty-eight days already served. R. 3:21-8. The judge also imposed various other conditions and explained to defendant that "[a]ny material violation of the terms of your suspended sentence will be highly likely to place you in the State Prison system." Defendant did not object to this sentence or seek to withdraw his plea.
Ten months later, defendant was brought before the court for violation of many of the conditions of his suspension of sentence. The judge revoked the suspension of sentence and sentenced defendant to serve five years in New Jersey State Prison. Defendant now appeals, contending (1) in imposing a suspended sentence rather than a probationary term, the court violated the terms of his plea agreement and the court erred in failing to offer him the options of either retracting or renegotiating his plea (not raised below), and (2) in the alternative, his sentence should be reduced to a presumptive four year term. We reject the first contention and affirm the revocation of suspension of sentence. We agree with defendant's second contention and direct that the sentence be reduced to four years.
Defendant's arguments pertaining to the initial sentence stem from a misperception of the nature of that sentence. In his brief he states the court imposed "a suspended five-year prison term." In oral argument before an excessive sentencing panel of this court,[1] defense counsel argued a "five year suspended sentence" was imposed. Counsel continued, "what he was given was a prison sentence, albeit a suspended *25 one" and "the difference between a suspended sentence and probation [is] that if you violate a suspended sentence, you know, you get that sentence."
This is not, however, the sentence that was imposed. Such a sentence is not an authorized disposition under the Code. See N.J.S.A. 2C:43-2. Suspension of the imposition of sentence is authorized. Ibid. It may be for a period not to exceed five years, N.J.S.A. 2C:45-2a, and may have reasonable conditions attached. N.J.S.A. 2C:45-1a. In essence, suspension of imposition of sentence is tantamount to "unsupervised" or "non-reporting" probation. It is less onerous than probation. State v. Malave, 249 N.J.Super. 559, 564, 592 A.2d 1231 (App.Div.1991), certif. denied, 127 N.J. 559, 606 A.2d 370 (1992). Only such reporting and supervision as is necessary to satisfy any conditions that may be imposed is required. Defendant, therefore, received a lesser sentence than he bargained for. Ibid.
The sentencing judge acted both correctly and clearly when he imposed this sentence: "The defendant in my estimation is not a suitable candidate for probation in light of what I see with respect to his record. However, consistent with State v. M[a]lave and the plea agreement, I would simply suspend the imposition of sentence for a period of five years." The judge then clearly informed defendant of the conditions of the suspension: "Random urine screens, a substance abuse program, a minimum of three N.A. or A.A. meetings a week, vocational training, full-time gainful employment, 16 hours of community service any week that there isn't full-time gainful employment, no acts of domestic violence." As previously mentioned, the judge then warned defendant that a material violation would be highly likely to result in a State Prison sentence.[2]
We reject defendant's argument that he should be allowed to withdraw his plea because he was not informed or was misinformed regarding its significant penal consequences. We find defendant's reliance on State v. Kovack, 91 N.J. 476, 453 A.2d 521 (1982) and its progeny unpersuasive. In Kovack, the plea agreement did not provide for a period of parole ineligibility, yet one was imposed. Because the sentence imposed did not comport with defendant's reasonable expectations based upon his plea bargain, the Court held he should be permitted to withdraw his plea. Id. at 483, 485, 453 A.2d 521. In order to vacate a plea under these circumstances, defendant must show not only "that the sentence violated his reasonable expectations, but also that he is prejudiced by enforcement of the agreement." State v. Howard, 110 N.J. 113, 123, 539 A.2d 1203 (1988).
The potential future consequences of five years probation is no different than that which may result from five years suspension of imposition of sentence. Substantial violation of the terms of either exposes the defendant to revocation and resentencing or sentencing to a State prison term within the range applicable to the crime for which he is on probation or for which imposition of sentence has been suspended. N.J.S.A. 2C:45-3a(4),-3b. There is no basis for defendant to otherwise contend. We therefore conclude the initial sentence was legally sound, was not in violation of the plea agreement or defendant's reasonable expectations under it, *26 and does not provide a basis for withdrawal of the plea.
Defendant was charged with violating all of the conditions of his suspension of sentence (except engaging in domestic violence), and he admitted all violations. He had made no effort whatsoever to comply. Considering the multiplicity and nature of the violations, and considering that defendant was not a first offender for whom a presumption against imprisonment would apply, State v. Zeliff, 236 N.J.Super. 166, 172, 564 A.2d 1213 (App.Div.1989), the trial judge did not abuse his discretion by revoking defendant's suspension of sentence.
The remaining issue for our consideration is the propriety of the length of the State Prison sentence imposed. For defendant's third-degree crime the range is three to five years. N.J.S.A. 2C:43-6a(3). The presumptive term is four years. N.J.S.A. 2C:44-1f(1)(d). At defendant's initial sentencing proceeding, the judge found the applicability of three aggravating factors, the risk that defendant would commit another offense (N.J.S.A. 2C:44-1a(3)), the extent of defendant's prior criminal record and the seriousness of the offenses of which he has been convicted (N.J.S.A. 2C:44-1a(6)), and the need for deterrence (N.J.S.A. 2C:44-1a(9)). He found no mitigating factors. When imposing sentence after defendant's violations, the judge found the same factors present, and, based upon the substantial preponderance of aggravating factors, imposed a maximum five year prison sentence.
No reported opinion has set forth guidelines for sentencing upon a revocation of a suspension of imposition of sentence. We think it clear that the Code treats a probationary sentence and the suspension of imposition of sentence, and their consequences, similarly. See, e.g., N.J.S.A. 2C:45-1a, b, c, f; N.J.S.A. 2C:45-2; N.J.S.A. 2C:45-3; N.J.S.A. 2C:45-4. See also R. 3:21-7. Similar treatment upon revocation is logical and consistent with the Code's general purpose of promoting uniformity in sentencing in light of the conceptual similarity between the two sentencing alternatives. As we have previously noted, suspension of imposition of sentence, although not so denominated, effectively establishes an unsupervised or non-reporting probation, subject to conditions, and further conditioned (as is probation) upon not re-offending. N.J.S.A. 2C:45-3a(4). An offender for whom imposition of sentence has been suspended should face no harsher consequences for violation than one who has been sentenced to probation.
We conclude, therefore, that the same guidelines that apply to resentencing upon a violation of probation should apply to sentencing upon a violation of suspension of sentence. See State v. Baylass, 114 N.J. 169, 553 A.2d 326 (1989); State v. Molina, 114 N.J. 181, 553 A.2d 332 (1989). This requires a reconsideration and rebalancing of aggravating and mitigating factors after deletion of or diminution in weight attributable to any mitigating factors affected by the violation. State v. Baylass, supra, 114 N.J. at 177, 553 A.2d 326. In Baylass the Court admonished, "We anticipate that it will be a rare case in which the balance of the original aggravating factors and surviving mitigating factors weigh in favor of a term of imprisonment greater than the presumptive sentence or of a period of parole ineligibility." Id. at 178, 553 A.2d 326. This is a recognition that an offender initially deemed suitable for a non-State Prison sentence is highly unlikely to warrant a greater than presumptive flat sentence even after adjustment of any applicable mitigating factors.
Here, the trial judge initially found no mitigating factors. This finding is not *27 supported by the record. Defendant's offense consisted of the possession of a single baggie containing .33 grams of cocaine. Defendant's conduct in committing this offense neither caused nor threatened serious harm nor did he contemplate that it would. These mitigating factors, N.J.S.A. 2C:44-1b(1) and (2), apply. See State v. Molina, supra, 114 N.J. at 185, 553 A. 2d 332. These factors, relating to the seriousness of the offense rather than the background and character of the offender, are entitled to substantial weight. These factors are unaffected by the violations of the suspension of sentence. Ibid. While defendant's prior record is extensive, his only three convictions for indictable offenses, sentenced on two dates, are somewhat remote in time (1988-1991), and his remaining convictions (approximately ten) are for disorderly offenses.
Under these circumstances, we exercise original jurisdiction and determine that the aggravating and mitigating factors, on qualitative analysis, are approximately equal in weight, and this unremarkable case is not one of those rare cases warranting a greater than presumptive sentence upon defendant's violation of suspension of sentence. Accordingly, we remand for entry of an amended judgment of conviction imposing a four year New Jersey State Prison sentence.
The judgment for revocation of defendant's suspension of sentence is affirmed; the sentence thereunder is reversed and the matter is remanded for entry of an amended judgment of conviction consistent with this opinion.
NOTES
[1] Because defendant's appeal involved only sentencing issues, it was initially placed on the sentencing calendar. R. 2:9-11. After oral argument, however, an order was entered directing briefing and removal to the plenary calendar. Ibid.
[2] The judge should have advised defendant of the length of a possible State Prison sentence. See R. 3:21-4(c). However, the plea form specifies five years maximum for this offense, and in the context of this case and the arguments presented, we are satisfied defendant understood he could receive up to five years.