**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3400
_____

JOSE RONALD VANEGAS MARTINEZ
a/k/a Jose Vanegas,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-010-358)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2010

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed October 8, 2010)
_____

OPINION
_____

PER CURIAM

Jose Ronald Vanegas-Martinez, a citizen of El Salvador, petitions for review of the

Board of Immigration Appeals's ("BIA") dismissal of his appeal.  For the following

reasons, we will deny the petition for review.

I.

The petitioner entered the United States in 1980 as a lawful permanent resident. He was convicted in New Jersey in 2003 of third-degree attempted theft and received a sentence of probation. In 2006, he pled guilty to fourth-degree criminal sexual conduct and received a sentence of one year in prison. His probation for the 2003 theft conviction was also revoked, and he was re-sentenced to three years in prison (to be served concurrently with the criminal sexual conduct sentence).

Thereafter, the petitioner was charged as removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(A)(ii). The Immigration Judge ("IJ") found the petitioner removable under 8 U.S.C. § 1227(a)(2)(A)(ii), for having committed two crimes of moral turpitude unrelated to each other. The petitioner applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a), claiming that he was eligible for such relief because he had not been convicted of an aggravated felony. However, the IJ concluded that, because the petitioner had been sentenced to three years' imprisonment for the 2003 theft conviction, he was an aggravated felon and thus ineligible for cancellation of removal. *See* 8 U.S.C. § 1101(a)(43)(G) (defining an aggravated felony as, among other things, a theft offense with a term of imprisonment greater than one year).

On appeal to the BIA, the petitioner argued that his theft conviction does not constitute an aggravated felony because he was only sentenced to probation. He asserts

2

that he was sentenced to three years in prison for violating his probation, not for the underlying offense. The BIA rejected this argument, concluding that under Supreme Court precedent and New Jersey state law, "[t]he imposition of a sentence of imprisonment following revocation of probation is a modification of the original sentence, not a punishment for the conduct leading to revocation, and therefore must be considered part of the actual sentence imposed." (A.R. 3.) It thus determined that the three-year prison sentence that was imposed after the petitioner's probation was vacated made the theft conviction an aggravated felony. Consequently, the petitioner was ineligible for cancellation of removal.

The petitioner now seeks this Court's review of the BIA's decision. The government opposes the petition.

## II.

We have jurisdiction over the petition for review under 8 U.S.C. § 1252(a)(1), and exercise de novo review over the conclusion that the petitioner is an aggravated felon. *See, e.g.*, *Bobb v. Att'y Gen.*, 458 F.3d 213, 217 (3d Cir. 2006). The petitioner renews his argument that the three-year prison sentence was punishment for violating the terms of his probation and not punishment for the original theft offense. He thus asserts that he is not an aggravated felon and is eligible for cancellation of removal.

This Court considers the term of imprisonment that was actually imposed—and not the sentence that was statutorily possible—to determine, for purposes of 8 U.S.C. §

3

1101(a)(43)(G), whether the "term of imprisonment [was] at least one year." *See United States v. Graham*, 169 F.3d 787, 790-91 (3d Cir. 1999). Although the petitioner was initially sentenced to probation for the theft conviction, a change of judgment as to that conviction was entered on August 3, 2006, stating that the petitioner's "prior sentence . . . is hereby vacated" and that the petitioner was to be imprisoned for "a term of three (3) years to run concurrent with" his sentence for the criminal sexual conduct conviction. (A.R. 82-83.)

The BIA correctly stated that a sentence imposed after a probation violation is generally considered to be a modification of the original sentence, and should, therefore, be treated as the term "imposed" for the conviction. *See*, *e.g.*, *United States v. Compian-Torres*, 320 F.3d 514, 516 (5th Cir. 2003); *United States v. Hidalgo-Macias*, 300 F.3d 281, 284-85 (2d Cir. 2002); *United States v. Jimenez*, 258 F.3d 1120 (9th Cir. 2001). New Jersey follows this general rule. *See* N.J. Stat. Ann. § 2C:45-3(a)(4)(b) ("When the court revokes a suspension or probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he or she was convicted."); *State v. Kearns*, 922 A.2d 813, 815 (N.J. Super Ct. 2007) ("[A] sentence imposed after revocation of probation should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense.") (internal citation omitted). Thus, despite the petitioner's arguments to the contrary, the BIA committed no error when it

4

treated the three-year prison sentence as the punishment for the theft offense.[1]  The

petitioner was therefore properly considered to be an aggravated felon under 8 U.S.C. §

1101(a)(43)(G), which in turn makes him statutorily ineligible for cancellation of

removal.  *See* 8 U.S.C. § 1229b(a)(3).

Based on the foregoing, we will deny the petition for review.  We deny as moot the

government's motion to summarily dismiss the petition.

---

[1]  We have reviewed the cases upon which the petitioner relies and conclude
that they are distinguishable from the present case.  *See, e.g., United States v. Guzman-
Bera*, 216 F.3d 1019 (11th Cir. 2000); *State v. Baylass*, 553 A.2d 326 (N.J. 1989); *State v.
Molina*, 553 A.2d 332 (N.J. 1989).