# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0024-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

E.A.,

     Defendant-Appellant.

_____

        Submitted October 3, 2019 – Decided November 4, 2019

        Before Judges Nugent and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-06-0871.

        Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

        Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant E.A. appeals from the August 2, 2018 order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. Because the trial court did not hold an evidentiary hearing, some facts are undeveloped. Between May 2010, and October 31, 2011, defendant, who was then eighteen, nineteen, and twenty years old, was involved in a sexual relationship with N.A., who was then thirteen, fourteen, and fifteen years old. N.A., a friend of defendant's younger sister, became pregnant with defendant's child when she was fifteen. Defendant was married to another woman and had a son at the time N.A.'s pregnancy was revealed.

A grand jury indicted defendant, charging him with: (1) three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); and (2) one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

Pursuant to a negotiated plea agreement, defendant pled guilty to third-degree endangering the welfare of a child. At his plea hearing, defendant, who was represented by counsel, admitted to having impregnated N.A. when she was fifteen. Prior to taking defendant's plea, the court engaged in the following

colloquy with respect to defendant's potential sentence, which would include

parole supervision for life (PSL):

> THE COURT: Three years New Jersey State Prison, suspended.
>
> . . . .
>
> Megan's Law reporting. P.S.L., Avenel. [M]eans you get – go for an Avenel exam, DNA testing and sampling, only contact with the victim as per DYFS[1] orders. That's it. Understand that?
>
> [E.A.]: Yes.
>
> . . . .
>
> THE COURT: Now, a couple of things I have to tell you beside all that.
>
> Sentence will be suspended, means you're not going to jail, but understand that you have to register, this is the Megan's Law stuff. You have to reg – register with certain public agencies. You understand that?
>
> [E.A.]: Yes.
>
> . . . .
>
> THE COURT: You understand that because of what you're pleading guilty to, and because the offense took place after January 14th, '04, the Court in addition to

---

[1] DYFS was a common reference to the Division of Youth and Family Services before the agency's name was changed to the Division of Child Protection and Permanency in a 2012 reorganization. L. 2012, c. 16.

any other sentence will impose a special sentence of parole supervision for life. Understand that?

[E.A.]: Yes.

THE COURT: By being sentenced to parole supervision for life, it means release – that upon release from incarceration, immediately upon imposition of a suspen – of a suspended sentence, you'll be supervised by the Division of Parole for at least 15 years, subject to provisions and conditions of parole, including conditions to protect the public, foster rehabilitation, such as but not limited to counseling, other restrictions which may include restrictions [on] where you live, work, travel, or persons you can contact. You understand that?

[E.A.]: Yes.

. . . .

THE COURT: You plead guilty in this case . . . [n]o contact with the victim, except under DYFS Family Court Orders. Got it?

[E.A.]: Yes.

At sentencing, the effect of PSL on defendant's living arrangements was discussed:

[DEFENSE COUNSEL]: [T]here's one snag and I know you're not going to have anything to do with this, but he lives in a basement apartment at his home. His mother and father live on the first floor with their three – his three sisters.

THE COURT: Yes.

4

[DEFENSE COUNSEL]: And he was notified . . . that he's going to have to move –

THE COURT: Yes. Because he can't be around the kids. Right?

[DEFENSE COUNSEL]: Which – but – but he does have a separate apart – now, I know you don't have anything to do with that, but, hopefully, we'll work it out with them.

THE COURT: Yes. Maybe you could.

. . . .

[ASSISTANT PROSECUTOR]: And that P.S.L. does apply in contact with victim only as per DYFS or –

THE COURT: Yes. DYFS or Family Court Orders.

According to the judgment of conviction, the court "suspend[ed] the imposition of the sentence for [three] [y]ears [f]lat, N[ew] J[ersey] S[tate] P[rison,]" imposed PSL, and dismissed the remaining counts of the indictment. Defendant did not file an appeal of his sentence.[2]

---

[2] The suspension of a State prison term, as distinguished from the suspension of the imposition of sentence, is not a disposition authorized by the New Jersey Code of Criminal Justice. "[T]he court may suspend the imposition of sentence" or impose a term of imprisonment. N.J.S.A. 2C:43-2. See also State v. Cullen, 351 N.J. Super. 505, 507-08 (App. Div. 2002). Because defendant raises claims related only to the PSL aspect of his sentence, for purposes of this appeal we will construe the judge's disposition to mean imposition of defendant's sentence was suspended for three years with the immediate commencement of PSL. See

More than four years later, defendant filed a petition for PCR. It is unclear what gave rise to the filing of the petition. The court infers from the record defendant intends to live with N.A., who is now an adult, and their son. It appears that officials responsible for implementing defendant's PSL informed him he could not reside with N.A. and their child. The status of defendant's marriage and whether he intends to live with his first child is not addressed in the record.

An amended PCR petition, filed by counsel, alleged defendant's sentence is "fundamentally unfair as applied to him under the unique circumstances of this case" and a violation of federal and State due process guarantees. In addition, the amended petition alleged defendant was denied the effective assistance of counsel because he was not fully advised of the effects of PSL and, had he been so advised, would not have entered a guilty plea.

An undated letter brief filed on behalf of defendant in the trial court addresses both points alleged in his amended PCR petition. At the start of the hearing on the amended petition, however, defendant's counsel described

---

N.J.S.A. 2C:43-6.4(b) ("When the court suspends the imposition of sentence on a defendant who has been convicted of" a violation of N.J.S.A. 2C:24-4(a) "the court may not suspend imposition of the special sentence of parole supervision for life, which shall commence immediately . . . .").

defendant's ineffective assistance claim as "more of an ancillary component" of the amended petition and withdrew that claim. Counsel stated the only claim remaining before the court was "the provisions of the sentence are fundamentally unfair as applied to [him] under the unique circumstances of this case . . . ." A letter from defendant's counsel to the court the day after the hearing confirms "after consultation it was determined to withdraw the claim of ineffective assistance of counsel . . . ."

In an oral opinion, the trial court acknowledged defendant's withdrawal of his ineffective assistance of counsel claim. The court, however, explained why that claim, had it not been withdrawn, would have been denied. The court concluded the record demonstrated that prior to entering his guilty plea defendant was fully aware he would be subject to PSL. In addition, the court found defendant was aware he would be subject to restrictions on where he could live and persons with whom he could have contact. The court noted that at sentencing defendant's counsel raised with the court limitations imposed with respect to defendant occupying an apartment in a building where his minor sisters resided, evidencing his awareness of PSL limitations on residing with minor relatives.

A-0024-18T2

In addition, the court found defendant could not establish that had he been informed of the limitations of PSL, he would not have pleaded guilty. The court noted defendant was facing three second-degree counts of sexual assault, conviction of which would have exposed him to a significant period of incarceration and PSL. The court found the State's proofs were "extremely strong," given that N.A. gave birth to defendant's child when she was a minor and concluded defendant's counsel negotiated an "extremely favorable" plea agreement. Having found defendant failed to make a prima facie claim for ineffective assistance of counsel, the court concluded an evidentiary hearing would not have been warranted, had defendant's claim not been withdrawn. Finally, the trial court concluded defendant's constitutional challenge to his sentence was barred by Rule 3:22-4, as he could have challenged his sentence, including PSL, in a direct appeal.

This appeal followed. Defendant makes the following argument for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE SUBSTANCE [OF] THE LEGAL ADVICE PLEA COUNSEL PROVIDED TO DEFENDANT REGARDING PSL AND MEGAN'S LAW REGISTRATION AND IF HE WAS TOLD HE CANNOT RESIDE WITH N.A. AND THEIR CHILD.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey . . . ." "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

A hearing on a PCR petition is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" Id. at 355 (quoting R. 3:22-10(b)).

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

While defendant acknowledges he withdrew his ineffective assistance claim in the trial court, his brief addresses only that claim. He makes no argument with respect to why we should consider an argument he abandoned before the trial court. As a general rule, we do not address claims not raised in the trial court. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012); Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2019). Defendant's claim does not warrant an exception to the rule because it does not challenge the jurisdiction of the trial court or substantially implicate the public interest. Selective Ins. Co., 208 N.J. at 586. We therefore consider the issue waived.

We note, however, that having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we agree with the findings

of fact and conclusions of law set forth in the judge's oral opinion supporting the August 2, 2018 order. We add the following comments.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable

probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

The record established that defendant was informed by the trial court at his plea hearing he would be subject to PSL and faced restrictions on where and with whom he could live. At sentencing, defense counsel raised with the court the fact that parole officials had already informed defendant he could not live in the basement apartment of a home in which his minor sisters also lived. He was, therefore, aware PSL restricted his ability to live with relatives who were minors. Defendant is unlike the defendant in State v. J.J., 397 N.J. Super. 91, 99 (App. Div. 2007), who was permitted to withdraw his guilty plea because, at his plea hearing, he was informed only that he would be subject to "Megan's Law requirements[,]" but not that he faced restrictions on where and with whom he could live, including with his new wife and her child.

We do not find the court's reference to defendant having contact with N.A. only as permitted by DYFS to have been misleading. The trial court did not state that DYFS might issue an order allowing defendant to live with N.A. and the child. To the contrary, the court's statement appears to assume defendant would not be living with N.A., and that State authorities and the court would be involved in determining whether he would be permitted to have contact with her, and, presumably the child.

Moreover, we agree with the trial court's conclusion defendant did not establish a prima facie claim he would not have entered a guilty plea had he been informed PSL would prevent him from living with N.A. and their child. The evidence of guilt was insurmountable. The State needed only prove the irrefutable facts of paternity, defendant's age, N.A.'s age, and the child's birth date to establish defendant had sexual intercourse with a minor. He faced a presumption of lengthy incarceration and PSL if convicted of the second-degree offenses alleged in the indictment. In addition, it is highly unlikely defendant's counsel could have negotiated a more favorable plea agreement that did not include PSL, given the facts of defendant's criminal acts.

Defendant's brief does not address his claim that application of PSL in the unique circumstances of this case violates the federal and State constitutions.

We therefore deem any arguments with respect to that claim waived. "[A]n issue not briefed is deemed waived." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019); Telebright Corp. v. Dir., N.J. Div. of Taxation, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0024-18T2