202 N.J. Super. 540 (1985)
495 A.2d 487
STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL DOVE, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided January 29, 1985.
Amedeo Gagliotti for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
Guy Whitlock for defendant (Joseph H. Rodriguez, Public Defender, attorney).
STERN, J.S.C.
This case presents the question of whether a defendant convicted of an offense which carries a statutory maximum *541 sentence of less than five years can be placed on probation for more than the maximum custodial period. I hold that a defendant convicted of any offense (crime, disorderly persons offense or petty disorderly persons offense, see N.J.S.A. 2C:1-4, -5b, -14k) may be placed on probation for a period of up to five years.
Defendant entered a plea of guilty to a fourth degree crime. The presumption against imprisonment applies, see N.J.S.A. 2C:44-1e, and the negotiated recommendation would permit defendant to withdraw his plea if the court feels that a custodial sentence, as a condition of probation, is warranted.[1]See R. 3:9-3. In taking the plea, the court asked defendant if he understood that he could be placed on probation for up to five years, at which point defense counsel objected because of the statutory maximum sentence of 18 months. Defense counsel questioned the authority of the court to place defendant on probation for more than 18 months with respect to a fourth degree crime. This opinion confirms my view that a probationary sentence of up to five years can be imposed. The plea was entered on that basis.
Defendant relies on the first sentence of N.J.S.A. 2C:45-2a. That subsection provides as follows:
When the court has suspended imposition of sentence or has sentenced a defendant to be placed on probation, the period of suspension shall be fixed by the court at not to exceed the maximum term which could have been imposed or more than 5 years whichever is lesser. The period of probation shall be fixed by the court at not less than 1 year nor more than 5 years. The court, on application of a probation officer or of the defendant, or on its own motion, may discharge the defendant at any time. [Emphasis supplied]
The second sentence of the subsection was adopted in chapter 180 of the Laws of 1979. That amendment to N.J.S.A. 2C:45-2a took effect on the effective date of the Code of Criminal Justice, September 1, 1979. The same amendment deleted the words "or probation" from the phrase relating to the maximum *542 "period of suspension or probation," in the first sentence of N.J.S.A. 2C:45-2a as it was originally adopted.
The 1979 amendment to the subsection was designed, in part, to distinguish between suspended sentences and probationary sentences. The former can not exceed the statutory maximum for the offense or five years, whichever is lesser. Probationary sentences, involving supervision and probation resources, are to be one to five years, irrespective of the offense or maximum therefore.
It appears that the drafters of the 1979 amendment neglected to delete the reference to probation in the introductory phrase in the first sentence of N.J.S.A. 2C:45-2a. Nevertheless, the deletion of the reference to probation subsequently in that sentence and the addition of the second sentence, underscored above, make clear that the Legislature intended all probationary sentences to be for a period of one to five years and that a person convicted of an offense carrying a statutory maximum of less than five years can nevertheless be placed on probation for up to five years.
It appears that the 1979 amendment was designed to recognize that probation resources are limited. The distinction between suspended sentences and sentences to probation permit courts the discretion to utilize probation resources where warranted. Except for the custodial period of probation, N.J.S.A. 2C:43-2b, :45-1c, and the maximum period for which conditions attach, the conditions of a suspended sentence and a probationary sentence can be the same. Thus the court can impose a sentence with reasonable conditions, N.J.S.A. 2C:45-1, without utilization of probation resources, if there is another method of monitoring adherence to the conditions. However, once the court feels that probation supervision is required,[2] the period of *543 probation may be made for longer than the statutory maximum sentence, if the custodial maximum is less than five years.
The statement appended to Senate Bill 3330 which became chapter 180 of the Laws of 1979 provided in part as follows:
Also, in Section 2, the minimum length of probation was set at 1 year for all offenses. The code had provided that "the period of the suspension or probation shall be fixed by the court not to exceed the maximum term which could have been imposed or more than 5 years whichever is lesser." Probation officers had argued that, particularly in cases of petty disorderly and disorderly persons, the maximum term which could have been imposed was too short for a meaningful period of probation.
The amendment was clearly designed to cure this problem and to permit a "meaningful period of probation" in every case. The period of probation must be between one and five years, irrespective of the maximum for the offense.
NOTES
[1] The negotiated plea would also permit a custodial sentence of up to 180 days without probation thereafter.
[2] I do not hold that the probation department cannot be required, as an arm of the court, to monitor conditions of a suspended sentence. The distinction between a suspended sentence and a probationary sentence, however, involves the utilization or noninvolvement of probation officers supervising defendant's progress and assisting to that end.