249 N.J. Super. 559 (1991)
592 A.2d 1231
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSE MALAVE, DEFENDANT-APPELLANT AND STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 10, 1991.
Decided July 15, 1991.
*560 Before Judges DREIER, ASHBEY and LANDAU.
Wilfredo Caraballo, Public Defender, attorney for appellants (Virginia C. Saunders, Assistant Public Defender, of counsel and on the letter brief).
Jeffrey S. Blitz, Prosecutor Atlantic County, attorney for respondent (Jack J. Lipari, Assistant County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendants in these consolidated cases appeal from the imposition of suspended sentences imposed at the same time that State Prison terms were imposed for other convictions. Each contends that the suspended sentence violated a plea bargain that would have guaranteed jail credits in the event of a subsequent violation of probation and imposition of jail time on *561 the suspended sentences. These cases originally were listed on our excessive sentence calendar, but on our motion were ordered to be fully briefed and re-presented to us for a more detailed review.
Pursuant to a plea agreement, defendant Smith pled guilty on October 11, 1988 to charges of third-degree aggravated assault, N.J.S.A. 2C:12-1b(2), and to third-degree possession of an imitation CDS, N.J.S.A. 2C:35-11. In return, Smith obtained the prosecutor's agreement to drop several remaining charges and to recommend concurrent probationary terms conditioned upon jail time served. In April 1990, violation of probation charges had been filed against Smith for failure to report to the probation officer and failure to remain law abiding (two incidents of shoplifting, and indictments for possession of CDS, aggravated assault and weapons charges). Faced with an imminent hearing on the violation of probation, Smith entered into a plea bargain concerning the new offenses (the CDS, aggravated assault and weapons charges). He agreed to plead guilty to one count of third-degree aggravated assault and a petty disorderly persons offense in exchange for dismissal of the other charges. The prosecutor agreed to recommend a probationary sentence for the new offenses, conditioned upon 364 days to be served in the County Jail, concurrent to the v.o.p. sentence about to be imposed.
The trial judge sentenced Smith for the original aggravated assault and imitation CDS crimes to concurrent terms of four years in State prison. However, instead of imposing the bargained-for concurrent probationary term conditioned upon service of 364 days for the new offenses, the trial judge suspended imposition of the sentence for four years. Smith contends that this violated the plea agreement since if his parole was violated within the four-year period, he could be sentenced anew on the 1990 aggravated assault conviction and would not receive the 364-day jail credit that would have been accumulated had he been sentenced as provided in the plea agreement.
*562 In 1985, defendant Malave pled guilty to third-degree theft by deception, N.J.S.A. 2C:20-4. For this offense, he received a five-year probationary term, and was required to pay restitution. In 1988, defendant again pled guilty to third-degree theft by deception in exchange for a recommendation of probation conditioned upon serving 90 days in the County Jail. At the plea hearing, defendant informed the court that he was on probation for the first offense. When the judge explained that he could be sentenced to an additional five years for violation of probation and could withdraw his current plea, defendant nevertheless maintained the plea. Since violation of probation charges had been then filed, at the later November 10, 1988 sentencing hearing defendant was sentenced both for the new offense and for violation of probation. He was given a three-year term for violation of probation (plus restitution), and received a suspended sentence on the new offense.
Although there had been no explicit promise to Malave of concurrent sentences, he appealed, contending, as did Smith, that his plea agreement contemplated a 90-day jail term which could serve as a credit in the event of a later violation of probation for the 1988 offense. The trial judge told defense counsel that rather than give the defendant jail credits, he preferred to maintain the threat of a suspended term being activated upon a future violation.
We reject defendants' contentions that the sentences imposed violated the plea agreements. We recognize that under State v. Howard, 110 N.J. 113, 122, 539 A.2d 1203 (1988), a defendant has the right to demand performance of a plea agreement. The plea may be vacated where the terms are not met by the State. Ibid. In order to vacate a plea, however, the defendant "must show not only that he was misinformed of the terms of the agreement or that the sentence violated his reasonable expectations, but also that he is prejudiced by enforcement of the agreement." Id. at 123, 539 A.2d 1203. It is not appropriate to vacate the plea "if knowledge of the consequences *563 would not have made any difference in the defendant's decision to plead." Ibid. Examples of such misinformation to a defendant are the parole considerations attendant to a sentence to the Adult Diagnostic and Treatment Center, id. at 124, 539 A.2d 1203, misinformation or lack of information as to the period of parole ineligibility, State v. Bailey, 226 N.J. Super. 559, 566-567, 545 A.2d 206 (App.Div. 1988); and a consecutive sentence imposed, where defendant had bargained for a concurrent term. State v. Jones, 66 N.J. 524, 525-526, 333 A.2d 529 (1975).
When we analyze the propriety of defendants' sentences, we must first inquire whether the original sentences imposed were legal. State v. Rivera, 124 N.J. 122, 125-126, 590 A.2d 238 (1991) N.J.S.A. 2C:43-2a. Under N.J.S.A. 2C:43-2, each sentencing court had various options ranging downward from imposing a current State Prison term for the sentences disputed here. Of course, if such current State Prison terms were imposed, the plea bargains could clearly have been withdrawn. The courts further had the option to suspend the imposition of sentence. Alternatively, the courts could have sentenced defendants to one of the many other optional sentences set forth in N.J.S.A. 2C:43-2b(1) through (7), including the bargained-for option of probation subject to a fixed term of imprisonment not exceeding 364 days.
Where imposition of the sentence has been suspended or where a probationary term is imposed, additional conditions may be attached as set forth in N.J.S.A. 2C:45-1. There, the Legislature has repeated many of the provisions of N.J.S.A. 2C:43-2. However, with regard to the difference between a suspended imposition of a sentence and a probationary term, J. Cannel, Criminal Code Annotated, N.J.S.A. 2C:43-2, Comment 5, p. 658 (1991 ed.), explains:
There may be conditions set to either suspension or probation (see 2C:45-1) the violation of which carries sanctions. See 2C:45-3b. The difference between suspension and probation is that probation places the defendant under the supervision of the County Probation Office and normally carries a requirement to report to that office periodically whereas suspension is ordinarily without *564 such supervision. See 2C:45-1b(10); State v. Dove, 202 N.J. [Super.] 540, 542 fn. 2 [495 A.2d 487] (Law Div. 1985).
See also J. Cannel, Criminal Code Annotated, N.J.S.A. 2C:45-1, Comment 2, p. 747 (1991 ed.).
Thus, on an abstract basis, the suspended imposition of a sentence is a less-intrusive punishment than a probationary term in that there are no probation reporting requirements. Each of the defendants therefore received a lesser sentence than that for which he bargained. Defendants nevertheless urge that if either commits a new offense, the bargained-for term could provide greater protection against new jail time. We reject that argument for two reasons. First, it would be against public policy for the State to permit defendants artificially to "bank" jail time against a later sentence to be imposed only if they commit a new crime. But even if that were not so, and whatever the trial judges' intentions in withholding imposition of sentence as a sword over defendants' heads, N.J.S.A. 2C:44-5f(3) should allay defendants' fears. The statute provides:
f. Suspension of sentence or probation and imprisonment; multiple terms of suspension and probation. When a defendant is sentenced for more than one offense or a defendant already under sentence is sentenced for another offense committed prior to the former sentence:
* * * * * * * *
(3) When a sentence of imprisonment in excess of 1 year is imposed, the service of such sentence shall satisfy a suspended sentence on another count or prior suspended sentence or sentence to probation, unless the suspended sentence or probation has been violated in which case any imprisonment for the violation shall run consecutively.
This statute overturned the common-law principle that "time spent in custody is required to be credited only against the sentence on the charge which brought about that custody." State v. Marnin, 108 N.J. Super. 442, 444, 261 A.2d 682 (App. Div. 1970).
Since Smith was sentenced to a four-year term and Malave was sentenced to a three-year term, each was sentenced to imprisonment in excess of one year. The service of that *565 sentence also satisfied the suspended sentences each had received. Thus the service of Smith's and Malave's fixed term sentences met any anticipated benefits either would have received had they been sentenced to probationary terms conditioned upon such jail time. In short, there was no credit to be lost to either defendant in that their suspended sentences placed no additional burdens upon them that would not have been inherent in the probationary terms for which they bargained.
Since we have determined that the sentences imposed did not violate the plea bargains of either defendant, the sentences imposed are affirmed.