859 A.2d 1229 (2004)
372 N.J. Super. 539
STATE of New Jersey, Plaintiff-Respondent,
v.
Christopher SMITH, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 3, 2004.
Decided August 31, 2004.
*1230 Yvonne Smith Segars, Public Defender, for appellant (J. Michael Blake, Assistant Deputy Public Defender, on the brief).
Paula T. Dow, Assistant Attorney General/Acting Essex County Prosecutor, for respondent (Gary A. Thomas, Special Deputy Attorney General, on the brief).
Before Judges STERN, A.A. RODRÍGUEZ and LEFELT.
The opinion of the court was delivered by
STERN, P.J.A.D.
Defendant pled guilty to second degree possession with intent to distribute, N.J.S.A. 2C:35-5b(2) (count three), and possession with intent to distribute within a school zone, N.J.S.A. 2C:35-7 (count four), as charged in indictment XX-XX-XXXX. He simultaneously pled guilty to a count charging possession with intent to distribute in a school zone, N.J.S.A. 2C:35-7, as alleged in a second indictment (XX-XX-XXXX). The State recommended a seven-year sentence with a forty-two month period of parole ineligibility, concurrent with a Union County sentence defendant was then serving and dismissal of the remaining counts. However, at the time of the plea, the defendant stated:
Your Honor, the plea that they [are] talking, the 7 with the 42, I told them, my attorney that I wouldn't mind taking the plea. But I'd like to deal with the plea that I paid Mr. Paul Bergrin. Because he had made me a promise a few days ago before I came for sentencing on Union County on the 17th of October. He told me he had everything running concurrent along with the 5 with a 30. And today is a different situation. And I don't really feel too happy with it. And, *1231 you know, what I am saying, if it is a better plea, I'd like to discuss it with my lawyer instead of with the assistant [an associate representing defendant at the time], if it is possible. Just so I can feel safe. I am a little nervous. I don't really feel comfortable.
Defense counsel thereupon asked to approach the bench, and a discussion was conducted off the record. Thereafter, the plea judge placed the following on the record:
In accordance with the recommendations as approved by the prosecutor's office upon the acceptance of pleas of guilty [to certain counts] the State would move to dismiss [the other counts] and recommend a custodial term of 7 years with 42 months to be served before being eligible for parole, concurrent with the sentence to be served in Union County. However, based on conversations between counsel the Court will consider a 5 year term with the 42 month parole ineligibility. Is this in accordance with your understanding?
The Assistant Prosecutor, defendant, and defense counsel agreed with the judge's statement, and the guilty plea was accepted.
In sentencing defendant, another judge found three aggravating and no mitigating factors, merged the school zone violation embodied in indictment XX-XX-XXXX with the second-degree possession with intent charge of that indictment, see State v. Dillihay, 127 N.J. 42, 44-45, 601 A.2d 1149, 1150 (1991), and imposed concurrent five-year terms with forty-two month periods of parole ineligibility to run concurrent with the Union County sentence.
Defendant appeals the sentence, and argues:
BY IMPOSING A 42 MONTH SENTENCE OF PAROLE INELIGIBILITY ON A FIVE YEAR SENTENCE, THE COURT IMPOSED A LEGALLY EXCESSIVE SENTENCE LONGER THAN THAT WHICH IS PERMITTED BY THE CODE OF CRIMINAL JUSTICE. THIS COURT SHOULD REDUCE THE PERIOD OF PAROLE INELIGIBILITY TO THREE YEARS, THE MAXIMUM PERMITTED BY STATUTE.
The State argues that defendant "invited" the error and "should be bound to his negotiated bargain," and that, in any event, the "extremely lenient sentence" should not be reduced.
Except as provided in N.J.S.A. 2C:35-12, a "minimum term" must be imposed for a "school zone" violation, pursuant to N.J.S.A. 2C:35-7, of no less than one-third and no more than one-half of the specific term, or three years (one year when the offense involves less than one ounce of marijuana), "whichever is greater," "during which the defendant shall be ineligible for parole." See also N.J.S.A. 2C:43-6b. Thus, a five year sentence with a forty-two month minimum term, which is more than 50% of the sentence and three years, is illegal.
The parties cannot negotiate an illegal sentence, and N.J.S.A. 2C:35-12 does not suggest otherwise in providing that a negotiated sentence must be imposed in lieu of the otherwise mandatory sentence. That statute provides that "[t]he negotiated plea ... agreement may provide for a specified term of imprisonment within the range of ordinary or extended sentences authorized by law [or] a specified period of parole ineligibility" based thereon. Id. But it must be a legal sentence.
As previously noted, N.J.S.A. 2C:35-12 requires that "the negotiated plea" be imposed for the mandatory sentences otherwise applicable for the school zone *1232 violations. See N.J.S.A. 2C:35-7. The problem here is that either an illegal sentence was negotiated and must be rejected, or there was no "negotiated sentence" in which case defendant had to accept the State's offer or go to trial.
We are prepared to read the record liberally and treat the "off the record" discussion as having been conducted pursuant to Rule 3:9-3(c). That rule permits a judge to give a tentative indication of a legal sentence he or she would impose when the parties cannot agree to a negotiated recommendation and defendant offers a plea to the indictment. See State v. Salentre, 275 N.J.Super. 410, 417-18, 646 A.2d 482, 485-86 (App.Div.), certif. denied, 138 N.J. 269, 649 A.2d 1289 (1994). That rule was not designed to apply to a situation controlled by N.J.S.A. 2C:35-12 in which either a mandatory sentence had to be imposed or the prosecutor's recommendation incident to the negotiated plea had to be accepted. This record simply does not reflect that the prosecutor recommended a five-year sentence. If it did, the conference would not have been required. Nor by indicating that he agreed with what the judge reported, in terms of what was said off the record, does it appear the prosecutor's recommendation had changed.
In any event, the record makes it absolutely clear that the prosecutor's recommendation whether it was a five-year sentence or a seven-year sentenceincluded a parole ineligibility period of forty-two months. As a result, N.J.S.A. 2C:35-12 and our case law require us to "enforce all agreements reached by the prosecutor and a defendant under that section and prohibits the court from imposing a lesser term of imprisonment than that specified in the agreement." State v. Brimage, 153 N.J. 1, 9, 706 A.2d 1096, 1100 (1998).[1]
Accordingly, we remand the matter to permit defendant to accept a legal aggregate seven-year sentence consistent with the prosecutor's recommended offer containing a forty-two month parole ineligibility term, to negotiate a new recommendation, or to withdraw his plea.
So ordered.
NOTES
[1] We recognize that the trial judge could impose an aggregate five-year sentence, with thirty-six months of parole ineligibility, for these offenses if defendant were convicted of them at trial.