877 A.2d 356

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JONATHAN CRAWFORD, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 24, 2005—Decided July 15, 2005.

Before Judges STERN, COBURN and GRAVES.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Seon Jeong Lee,* Assistant Deputy Public Defender, of counsel and on the brief).

*Peter C. Harvey,* Attorney General, attorney for respondent (*Janet Flanagan,* Deputy Attorney General, and *Angela Foster,* Deputy Attorney General, of counsel and on the brief).

The opinion of the court is delivered by

GRAVES, J.A.D.

Defendant, Jonathan Crawford, appeals from an order entered on September 22, 2003, that required him "to submit to having a blood sample drawn, or other biological sample collected, for purposes of DNA testing." The order was entered as a result of the "DNA Database and Databank Act of 1994" (the DNA Act), *N.J.S.A.* 53:1–20.17 to –28, which was amended, effective September 22, 2003, to require that every person convicted of a crime who is "serving a sentence of imprisonment, probation, parole or other form of supervision as a result of the crime ... shall provide a DNA sample before termination of imprisonment, probation, parole, supervision or confinement, as the case may be," *N.J.S.A.* 53:1–20.20(g). We reverse because we are convinced that defendant was not serving a legal sentence on September 22, 2003.

On November 24, 1999, a Camden County Grand Jury charged defendant in Indictment Number 3587–11–99 with having committed the following crimes: second-degree endangering the welfare of a child contrary to *N.J.S.A.* 2C:24–4(a) (Counts One, Three, and Five); second-degree sexual assault contrary to *N.J.S.A.* 2C:14–2(b) (Count Two); and fourth-degree criminal sexual contact contrary to *N.J.S.A.* 2C:14–3(b) (Count Four). In addition, as a result of his 1992 conviction for endangering the welfare of a child, defendant was subject to the requirements of Megan's Law, *N.J.S.A.* 2C:7–1 to –19, and he was charged with three violations of that law in two separate indictments. Camden County Indictment Number 1116–04–00 charged defendant with fourth-degree failure to register as a sex offender contrary to *N.J.S.A.* 2C:7–2(a) (Count One). Camden County Indictment Number 1434–5–99 charged defendant with fourth-degree failure to notify of change of address contrary to *N.J.S.A.* 2C:7–2(d) (Count One), and fourth-degree failure to verify address contrary to *N.J.S.A.* 2C:7–2(e) (Count Two).

On October 27, 2000, defendant entered guilty pleas to three separate fourth-degree crimes: (1) cruelty or neglect of a child contrary to *N.J.S.A.* 9:6–3 (Accusation Number 3378–10–00); (2) failure to register as a sex offender contrary to *N.J.S.A.* 2C:7–2(a) (Count One of Indictment Number 1116–04–00); and (3) failure to notify of change of address contrary to *N.J.S.A.* 2C:7–2(d) (Count One of Indictment Number 1434–5–99). In return, the State agreed to dismiss the remaining charges and recommended an eighteen-month custodial term for the cruelty or neglect conviction, and five years of probation on each of the two Megan's Law convictions, concurrent to each other, but consecutive to the prison term. The plea papers also reflect that the parties agreed to the following:

Defendant to obtain forensic evaluation from Ken Singer and register under *N.J.S.A.* 2C:7–2 prior to sentencing. Defendant to be supervised with same manner and frequency as a sex offender by Camden County Probation Department. State does not oppose defendant relocating out of state while on probation, but will report to Camden unless and until transfer of probation authorized.

Consistent with the plea agreement, defendant was sentenced on January 5, 2001, "to the custody of the Commissioner of the Department of Corrections" to serve an eighteen-month prison term for the cruelty or neglect of a child conviction, and he also received five years of probation for each of the two Megan's Law convictions. The probationary terms were concurrent with each other, but consecutive to the eighteen-month period of imprisonment. As a special condition of probation, the sentencing court ordered that "[u]pon 1 week from release from prison defendant must undergo psychological/psychiatric evaluation and treatment if necessary."

After completing his eighteen-month prison term and while on probation, defendant returned to court on October 16, 2002, for resentencing. Defendant's attorney explained the circumstances to the court as follows:

> Your Honor, in this particular matter the court was not the initial court with regard to these two indictments. My client received—plead guilty to and received a sentence of State Prison on a third indictment followed by two concurrent but consecutive probationary terms on those indictments.

> The State and I agree that that is an improper sentence. You're not supposed to get a consecutive Probation sentence to a State Prison sentence. We have discussed this matter at great length. Before Your Honor is a joint application to have the [defendant] resentenced exactly under the terms imposed. My client will not be on Probation. He will, instead, receive a suspended sentence ... for a period of two years.

In accordance with this joint application, the trial court "set aside" defendant's probationary sentences for the Megan's Law convictions because they were "improper sentences," but, as noted in the amended judgments of conviction, "[t]he original guilty plea remain[ed]" viable. Defendant was resentenced to two concurrent one-year terms of imprisonment on his convictions for failure to register as a sex offender (Indictment Number 00–04–1116) and failure to notify of change of address (Indictment Number 1434–05–99). The two amended judgments of conviction, dated October 16, 2002, both state, This is not a probation sentence, but imposition of the one-year term of imprisonment was suspended for a period of two years on condition that defendant successfully

complete the following six specific requirements: (1) no changing of defendant's address during the period of his suspended sentences without the court's permission; (2) compliance with any applicable Megan's Law registration requirements in Delaware where defendant was residing; (3) report by telephone to the Camden County Probation Department every two weeks; (4) attend and cooperate in weekly therapy sessions with Dr. Lynn Bornfriend; (5) execution of a release permitting Dr. Bornfriend to share information about defendant's therapy and progress with the Camden County Probation Department; and (6) monthly reports sent by Dr. Bornfriend to the Camden County Probation Department.

Approximately one year later, on September 22, 2003, when the DNA Act amendment became effective, defendant was still serving his suspended sentences, and he was ordered to submit a DNA sample for testing. The order, which was captioned, In the Matter of Persons Sentenced to Probation in Camden County, provided that [p]ersons convicted of a crime prior to the effective date of this law who, on the effective date, are serving a sentence of probation as a result of the crime are required to provide a DNA sample before termination of their probation.... It also provided that failure to comply with this order may result in a warrant being issued for your arrest. Following the denial of defendant's motion to stay DNA testing pending appeal on December 2, 2003, defendant submitted his DNA sample on December 10, 2003.

Defendant now argues that he should not have been subject to DNA testing because the court had no legal authority to resentence him on October 16, 2002, after he had completed serving his eighteen-month prison sentence:

The court erred by resentencing defendant to the suspended term instead of determining that Crawford had satisfied the terms of probation by virtue of his serving the 18–month prison sentence. According to *N.J.S.A.* 2C:44–5(f)(3), Crawford's 18–month prison term for the cruelty and neglect of a child conviction satisfied the consecutive five-year probationary terms imposed on the two Megan's Law violations. In other words, at the time of resentencing, Crawford had in fact completed serving his sentence for all three convictions by operation of law.

The State argues that defendant's claim is untimely, lacks merit, was waived, and is contrary to the intent and spirit of the very favorable plea bargain agreement that defendant received. Undoubtedly, defendant received the benefit of a favorable plea agreement; nevertheless, a reviewing court is not free to ignore an illegal sentence. *State v. Moore*, 377 *N.J.Super.* 445, 450, 873 *A.*2d 587 (App.Div.2005) (citing *State v. Flores*, 228 *N.J.Super.* 586, 594, 550 *A.*2d 752 (App.Div.1988), *certif. denied*, 115 *N.J.* 78, 556 *A.*2d 1220 (1989)). An illegal sentence may be ordered corrected at any time on motion or by the court acting sua sponte, as long as it has not been completed or served. Pressler, *Current N.J. Court Rules*, comment 5 on *R.* 2:10–3 (2005). *Accord State v. Austin*, 335 *N.J.Super.* 486, 494, 762 *A.*2d 1052 (App.Div. 2000), *certif. denied*, 168 *N.J.* 294, 773 *A.*2d 1157 (2001); *State v. Swint*, 328 *N.J.Super.* 236, 263, 745 *A.*2d 570 (App.Div.), *certif. denied*, 165 *N.J.* 492, 758 *A.*2d 651 (2000); *State v. Rhoda*, 206 *N.J.Super.* 584, 593, 503 *A.*2d 364 (App.Div.), *certif. denied*, 105 *N.J.* 524, 523 *A.*2d 167 (1986); *State v. Sheppard*, 125 *N.J.Super.* 332, 336, 310 *A.*2d 731 (App.Div.) (citations omitted), *certif. denied*, 64 *N.J.* 318, 315 *A.*2d 407 (1973).

In this case, the trial court correctly determined that defendant's original sentences were illegal. It is instructive to review defendant's sentencing on January 5, 2001. During that sentencing hearing, defendant's attorney proposed that the court consider a sentence of 364 days in the Camden County Jail and probation rather than an eighteen-month prison sentence followed by probation. The judge, however, rejected that suggestion as "[f]ar too creative," and stated:

> I understand that sentences are for punishment as well as rehabilitation. I want to see this gentleman get help [be]cause I don't want this to happen again, obviously for the sake of any future possible victims and for himself.

> On the other hand, I'm not going to reduce the prison time.

After evaluating the aggravating and mitigating factors, the trial court sentenced defendant to a term of eighteen months imprisonment followed by two concurrent five-year periods of probation.

We emphasize that [t]he parties cannot negotiate an illegal sentence, *State v. Smith*, 372 *N.J.Super.* 539, 542, 859 *A.*2d 1229 (App.Div.2004), *certif. denied*, 182 *N.J.* 428, 866 *A.*2d 984 (2005), and a defendant may not acquiesce in the imposition of an illegal sentence, *State v. Manzie*, 335 *N.J.Super.* 267, 278, 762 *A.*2d 276 (App.Div.2000) (citations omitted), *aff'd*, 168 *N.J.* 113, 773 *A.*2d 659 (2001). Moreover, [w]hile courts generally defer to the reasonableness of negotiated criminal dispositions, there can be no plea bargain to an illegal sentence. *In re Commitment of P.C.*, 349 *N.J.Super.* 569, 578, 794 *A.*2d 211 (App.Div.2002) (internal quotation marks and citations omitted).

In order to comply with the Code of Criminal Justice, the trial court must first consider the available sentencing alternatives enumerated in *N.J.S.A.* 2C:43–2(b). *State v. O'Connor*, 105 *N.J.* 399, 406, 522 *A.*2d 423 (1987); *State v. Roth*, 95 *N.J.* 334, 357, 471 *A.*2d 370 (1984). Included among these alternatives is a sentence of imprisonment, *N.J.S.A.* 2C:43–2(b)(3), and a sentence of probation, *N.J.S.A.* 2C:43–2(b)(2). When the court sentences a defendant to probation, it may require the defendant to serve a term of imprisonment, not exceeding 364 days for a person convicted of a crime or 90 days for a person convicted of a disorderly persons offense, to be served as a condition of probation. *N.J.S.A.* 2C:43–2(b)(2). *See also N.J.S.A.* 2C:45–1(e). This is referred to as a split sentence, and the custodial term must be served in a county jail, whereas a sentence of imprisonment must be served in a state correctional facility. *State v. Hartye*, 105 *N.J.* 411, 419, 522 *A.*2d 418 (1987).

Having considered the sentencing alternatives, the court must then determine whether a presumption of imprisonment, *N.J.S.A.* 2C:44–1(d), or a presumption of non-imprisonment, *N.J.S.A.* 2C:44–1(e), applies. *State v. O'Connor, supra,* 105 *N.J.* at 406, 522 *A.*2d 423; *State v. Roth, supra,* 95 *N.J.* at 357–58, 471 *A.*2d 370. A presumption of imprisonment applies to anyone convicted of a first or second-degree crime unless the court determines that imprisonment would be a serious injustice which

overrides the need to deter such conduct by others. *N.J.S.A.* 2C:44–1(d). Conversely, first-time offenders convicted of a third or fourth-degree crime are entitled to a presumption of nonimprisonment unless the court determines that imprisonment is necessary for the protection of the public. *N.J.S.A.* 2C:44–1(e).

In this case, there was neither a presumption of imprisonment nor a presumption of nonimprisonment because defendant was convicted of three fourth-degree crimes but he was not a first-time offender. *See State v. Powell*, 218 *N.J.Super.* 444, 450–451, 528 *A.*2d 39 (App.Div.1987). It seems clear, however, that even though the court imposed a prison sentence, all parties involved intended that both defendant and the public would benefit from the supervisory conditions of probation or a suspended sentence. Probation is meant to serve the overall interest of both the public and the defendant, and it assumes that a defendant can be rehabilitated without serving a term of imprisonment in excess of 364 days. *See In re Buehrer*, 50 *N.J.* 501, 509–11, 236 *A.*2d 592 (1967).

When a defendant is sentenced for more than one offense, as in this case, *N.J.S.A.* 2C:44–5(f)(1) prohibits the court from imposing both a sentence of probation and a sentence imprisonment, except as authorized by *N.J.S.A.* 2C:43–2(b)(2). Accordingly, on January 5, 2001, the trial court was authorized to sentence defendant to a term of imprisonment (up to eighteen months for a fourth-degree crime, *N.J.S.A.* 2C:43–6(a)(4)) to be served in a state correctional facility, or up to five years probation, which could include a term of imprisonment (not exceeding 364 days) to be served in a county jail as a condition of probation, *N.J.S.A.* 2C:43–2(b)(2). But the court was not authorized to impose a state prison sentence and straight probation, and it erred by not sentencing defendant in accordance with the Code of Criminal Justice.

We conclude that the suspended sentences imposed at defendant's resentencing on October 16, 2002, were also illegal sentences because there was no sentence to be served. *N.J.S.A.* 2C:44–5(f)(3) provides that [w]hen a sentence of imprisonment in

excess of one year is imposed, the service of such sentence shall satisfy a suspended sentence on another count. We hold that in this case, where defendant entered a plea of guilty on three counts and multiple sentences were imposed at the same time, those three counts were not severable at defendant's resentencing, and *N.J.S.A.* 2C:44–5(f)(3) prohibited the court from imposing a sentence on October 16, 2002, that it could not have lawfully imposed on January 5, 2001. Accordingly, defendant's service of eighteen months imprisonment on one count satisfied the suspended sentences on the other two counts. *See State v. Malave,* 249 *N.J.Super.* 559, 564–65, 592 *A.*2d 1231 (App.Div.1991) (noting that imprisonment in excess of one year served by two defendants also satisfied the suspended sentences each had received in accordance with *N.J.S.A.* 2C:44–5(f)(3)), *certif. denied,* 127 *N.J.* 559, 606 *A.*2d 370 (1992).

Although we recognize that defendant has never been lawfully sentenced on his two Megan's Law convictions, to once again resentence defendant would violate principles of fundamental fairness and due process. Defendant has now completely served the suspended sentences, and none of defendant's convictions subjected him to any mandatory minimum sentencing requirements that have not been imposed. *See, e.g., U.S. v. Davis,* 112 *F.*3d 118, 123–24 (3d Cir.), *cert. denied,* 522 *U.S.* 888, 118 *S.Ct.* 224, 139 *L.Ed.*2d 156 (1997).

██ Because defendant was not legally serving a sentence of imprisonment, probation, parole, or other form of supervision on September 22, 2003, the effective date of *N.J.S.A.* 53:1–20.20(g), defendant was not properly included in the class of criminals required to submit a DNA sample. Accordingly, we reverse the order under appeal. In light of this determination, there is no need to consider defendant's challenge to the constitutionality of the DNA Act.

On remand, the trial court shall enter an appropriate order for the destruction of defendant's DNA sample and the redaction or expungement of defendant's DNA record. Of course, defendant

remains subject to the Megan's Law registration requirements for his 1992 conviction.

Reversed and remanded for further proceedings consistent with this opinion.