NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0751-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES BOYKINS,

    Defendant-Appellant.

---

| APPROVED FOR PUBLICATION |
| :---: |
| September 7, 2016 |
| APPELLATE DIVISION |

Argued February 8, 2016 — Decided September 7, 2016

Before Judges Sabatino, Accurso and Suter.[1]

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Indictment No.
90-04-0519.

Alison Perrone, Designated Counsel, argued
the cause for appellant (Joseph E. Krakora,
Public Defender, attorney; Ms. Perrone, on
the brief).

Nicholas Norcia, Assistant Prosecutor,
argued the cause for respondent (Joseph D.
Coronato, Ocean County Prosecutor, attorney;
Samuel Marzarella, Supervising Assistant
Prosecutor, of counsel; Mr. Norcia, on the
brief).

---

[1] Judge Suter did not participate in oral argument.  The parties,
however, have consented to her participation in the decision.
R. 2:13-2(b).

The opinion of the court was delivered by

ACCURSO, J.A.D.

Defendant James Boykins is a career criminal and a serial rapist. Between the ages of twenty and thirty-five, he was convicted in the states of New Jersey, Maryland, and California and in the District of Columbia on charges of kidnapping, aggravated sexual assault, assault with a deadly weapon, burglary and drug distribution. Our focus is on the extended-term sentences defendant received for two of these convictions in New Jersey under N.J.S.A. 2C:44-5.

Specifically, we consider whether defendant, who received a second extended-term sentence for a crime he committed while on bail awaiting trial on the offense for which he received his first extended-term sentence, was "in custody" within the meaning of N.J.S.A. 2C:44-5b when he committed the second offense. Because we conclude defendant was "in custody" within the meaning of N.J.S.A. 2C:44-5b when he committed the second offense while on bail awaiting trial, we reject his claim that his second extended term constituted an illegal sentence.

The circumstances of the convictions are as follows. In February 1990, defendant was serving a three-year term of probation imposed in September 1987 on an assault conviction out of the District of Columbia and a three-year term of probation

imposed in September 1989 on a conviction for distribution of cocaine in New Jersey. He was also out on bail awaiting trial on Ocean County Indictment Number 89-02-0153 (Indictment I), on charges of kidnapping, aggravated sexual assault and related offenses. Two days before jury selection on Indictment I, defendant kidnapped and raped a young woman walking to a bus stop in Lakewood.

Defendant was convicted by the jury on all counts of Indictment I. The court granted the State's motion for a discretionary extended term and sentenced defendant to life in prison with a twenty-five-year period of parole ineligibility for kidnapping, and to a concurrent twenty-year sentence for aggravated sexual assault into which it merged the remaining convictions.[2]

During the course of trial on Indictment I, defendant was arrested at the courthouse for the Lakewood rape on charges that would form the basis of Ocean County Indictment Number 90-04-0519 (Indictment II). He was convicted by a jury of kidnapping and two counts of criminal sexual contact on Indictment II in 1993 and sentenced to another discretionary extended term of

---

[2] We affirmed defendant's conviction and sentence on Indictment I in an unreported opinion, State v. Boykins, No. A-0943-90 (App. Div. Apr. 2, 1993), and the Supreme Court denied certification, State v. Boykins, 134 N.J. 479 (1993).

life imprisonment with a twenty-five-year period of parole ineligibility on the kidnapping count consecutive to the sentence he was then serving arising out of Indictment I.[3]

In 2011, following our decision in State v. Pennington, 418 N.J. Super. 548, 557-58 (App. Div. 2011) (holding that a second extended term cannot be imposed on an offense occurring before the imposition of the first extended term under N.J.S.A. 2C:44-5b(1)), certif. denied, 209 N.J. 595 (2012), defendant filed his third application for post-conviction relief (PCR),[4] contending his extended-term sentence on Indictment II was illegal. The Law Division denied the application finding it time-barred and the sentence imposed not illegal.

By the time the matter was before us for review, the Supreme Court had decided State v. Hudson, 209 N.J. 513, 517 (2012), holding the defendant in that case could not be

---

[3] We affirmed defendant's conviction and sentence on Indictment II in an unreported opinion, without prejudice to an application for post-conviction relief on the grounds of ineffective assistance and a motion to the sentencing court for gap-time credit. State v. Boykins, No. A-5147-93 (App. Div. Nov. 15, 1996). The record does not reveal a petition for certification from that decision.

[4] Defendant's first two PCR applications alleging ineffective assistance had already been denied and affirmed on appeal. State v. Boykins, No. A-4872-97 (App. Div. Nov. 10, 1999), certif. denied, 163 N.J. 76 (2000); State v. Boykins, No. A-3727-03 (App. Div. Feb. 6, 2006), certif. denied, 188 N.J. 356 (2006).

sentenced to a second extended-term sentence for an offense committed prior to the imposition of the extended-term sentence he was then serving in accordance with the prohibitions of N.J.S.A. 2C:44-5b(1). Accordingly, we remanded the matter to the Law Division to consider whether the holding in Hudson should be applied retroactively and, if so, whether defendant's sentence on Indictment II is illegal. State v. Boykins, No. A-5428-11 (App. Div. Dec. 19, 2013).

The Law Division on remand again denied defendant's application. In a written opinion, the court determined that Hudson was "distinguishable both factually and conceptually from the facts in this case." The court reasoned that defendant, who was on probation and out on bail when he committed the crimes charged in Indictment II, was "in custody" within the meaning of N.J.S.A. 2C:44-5b, and thus was excepted by subsection b(1) of the statute from Hudson's holding. Because the court found Hudson distinguishable, it did not address the issue of whether the case should be given retroactive effect.

Defendant appeals, raising the following issues.

> POINT I
>
> N.J.S.A. 2C:44-5 PROHIBITS THE IMPOSITION OF MULTIPLE EXTENDED TERMS IN THIS CASE.

POINT II

THE COURT'S DECISION IN HUDSON SHOULD BE
APPLIED RETROACTIVELY TO DEFENDANT.

Since our remand in this matter, we have in an unrelated case held that Hudson did not announce a new rule of law, and thus the holding in Hudson must be "construed as 'one that has always applied.'" State v. Bull, No. A-5233-12 (App. Div. Apr. 7, 2015) (slip op. at 7) (quoting State v. Feal, 194 N.J. 293, 307 (2008)), certif. granted, 224 N.J. 124 (2016).[5] Although we continue to be of the opinion that retroactive application of the Court's interpretation of N.J.S.A. 2C:44-5b in Hudson is required, the Supreme Court is poised to resolve that question in Bull, and we need not analyze the issue again here.

For our purposes, it is sufficient to proceed as if Hudson applies to defendant's conviction and sentence on Indictment II, and consider instead whether the fact that he was on probation and out on bail when he committed those crimes renders the offenses ones "committed while in custody," and thus not subject to the statute's prohibition against multiple extended terms.

---

[5] We are, of course, mindful of Rule 1:36-3, which provides that "[n]o unpublished opinion shall constitute precedent or be binding upon any court" and should not be cited by any court "except to the extent required by res judicata, collateral estoppel, the single controversy doctrine or any other similar principle of law." In keeping with the rule, we cite the case only to advise that the issue of Hudson's retroactivity defendant raises here is now pending before the Supreme Court.

Having considered defendant's arguments to the contrary, we conclude defendant's crimes on Indictment II were committed while he was "in custody" as that term was understood by the drafters of N.J.S.A. 2C:44-5b, and therefore that his second extended-term sentence was not illegal. We accordingly affirm the denial of his petition.

Because the only issue on this appeal is one of statutory interpretation of N.J.S.A. 2C:44-5 and its application to defendant's sentence, our review is plenary. See Hudson, supra, 209 N.J. at 529. Subsections a and b of N.J.S.A. 2C:44-5 provide:

> a. Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense, including an offense for which a previous suspended sentence or sentence of probation has been revoked, such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence, except that:
>
> (1) The aggregate of consecutive terms to a county institution shall not exceed 18 months; and
>
> (2) Not more than one sentence for an extended term shall be imposed.
>
> There shall be no overall outer limit on the cumulation of consecutive sentences for multiple offenses.
>
> b. Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is

subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:

(1) The multiple sentences imposed shall so far as possible conform to subsection a. of this section; and

(2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the terms or terms remaining to be served; and

(3) When a new sentence is imposed on a prisoner who is on parole, the balance of the parole term on the former sentence shall not be deemed to run during the period of the new imprisonment unless the court determines otherwise at the time of sentencing.

Thus as the Court explained in Hudson, "[w]ith enactment of N.J.S.A. 2C:44-5, the Legislature has woven a piece on how a sentence should be configured for a defendant confronted with the possibility of serving multiple sentences." 209 N.J. at 530. N.J.S.A. 2C:44-5a "addresses the sentencing of a defendant on multiple offenses in a single sentencing proceeding, and states, with unmistakable clarity, that there shall be imposed 'not more than one sentence for an extended term' when sentencing a defendant for more than one offense." Ibid. N.J.S.A. 2C:44-5b "on the other hand, instructs courts about sentences of imprisonment that are imposed at different times,"

and specifically addresses "the sentencing of a defendant 'who has previously been sentenced to imprisonment,' and who must be sentenced 'for an offense committed prior to the former sentence.'" Id. at 531. Subsection b commands in equally clear language that "'for an offense committed prior to the former sentence other than an offense committed while in custody,'" that the "prohibition against multiple extended-term sentences applies, as far as it is possible to do so." Id. at 531, 535.

Defendant raises an issue not addressed in Hudson. He contends the trial court erred in finding he committed the crimes giving rise to Indictment II "while in custody," arguing that "a defendant on bail has been released from custody."[6] He

---

[6] It is perhaps more accurate to say that the effect of admitting a defendant to bail "is to transfer custody to his 'bail' and at the same time keep the accused constructively in the custody of the court while the charge is pending." State v. Rice, 137 N.J. Super. 593, 599-600 (Law Div. 1975), aff'd o.b., 148 N.J. Super. 145 (App. Div. 1977). Black's defines custody as "[t]he care and control of a thing or person for inspection, preservation, or security," Black's Law Dictionary 467 (10th ed. 2014), and notes that "constructive custody" is the "[c]ustody of a person (such as a parolee or probationer) whose freedom is controlled by legal authority but who is not under direct physical control." Ibid.

The general law of bail and suretyship is in accord. See, e.g., 8A Am. Jur. 2d Bail and Recognizance § 1, Jack K. Levin and Lucas Martin (May 2014) ("While released on bail prior to trial, a defendant is still considered to be within the constructive custody of the law."); see also Albright v. Oliver, 510 U.S. 266, 277-78, 114 S. Ct. 807, 815, 127 L. Ed. 2d 114, 126 (1994) (Ginsburg, J., concurring) ("At common law, an
(continued)

contends it is precisely because a defendant on bail or probation is not in custody that no jail credit is awarded for such time, relying on State v. Towey, 114 N.J. 69, 85-86 (1989) (rejecting the defendant's contention that she was entitled to jail credits during time spent in a psychiatric hospital as condition of bail because she was not "in custody" within the meaning of Rule 3:21-8), and State v. Mirakaj, 268 N.J. Super. 48, 52-53 (App. Div. 1993) (rejecting that the defendant's stay in a convent as a condition of bail was the equivalent of being in jail or a state hospital for purposes of awarding jail credit under Rule 3:21-8).  At oral argument, defendant stressed that considering a person who is obviously at liberty, albeit on probation or on bail, as "in custody" is contrary to the term's conventional meaning.

Although there is no disputing that defendant would not be entitled to jail credit for the time he spent on probation or on bail prior to his trial on Indictment II, see State v.

_____

(continued)
arrested person's seizure was deemed to continue even after release from official custody. See, e.g., 2 M. Hale, Pleas of the Crown 124 ('he that is bailed, is in supposition of law still in custody, and the parties that take him to bail are in law his keepers'); 4 W. Blackstone, Commentaries 297 (bail in both civil and criminal cases is 'a delivery or bailment, of a person to his sureties, . . . he being supposed to continue in their friendly custody, instead of going to gaol')").

Hernandez, 208 N.J. 24, 36-37 (2011), we do not find that dispositive of the question before us as N.J.S.A. 2C:44-5 addresses itself to gap-time credit, not jail credit.

Jail credit is governed by court rule, not by statute. See id. at 36-39 (explaining the difference between jail credits and gap-time credits); see also State v. Rippy, 431 N.J. Super. 338, 347-48 (App. Div. 2013) (noting jail credit is governed by Rule 3:21-8, whereas gap-time credit is governed by statute, specifically, N.J.S.A. 2C:44-5b), certif. denied, 217 N.J. 284 (2014). Just because the phrase "in custody" appears in both N.J.S.A. 2C:44-5b and in Rule 3:21-8 does not mean it means the same thing in both texts. See State v. DiCarlo, 67 N.J. 321, 325 (1975) (noting "the adventitious occurrence of like or similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will normally not justify applying the rule" of in pari materia as an aid in statutory construction). Indeed, good reason exists to believe the Legislature employed the phrase in a limited context for a specific purpose, regardless of what might be the conventional notion of "custody."

N.J.S.A. 2C:44-5 is based on Model Penal Code (MPC) section 7.06. State v. Robinson, 217 N.J. 594, 606 (2014); Cannel, New Jersey Criminal Code Annotated, comment 1 on N.J.S.A. 2C:44-5

(2015).  The Supreme Court has guided that "[w]hen a provision of the Code is modeled after the MPC, it is appropriate to consider the MPC and any commentary to interpret the intent of the statutory language."[7]  Ibid.  Although the Court in Hudson cautioned that New Jersey's rejection of the MPC approach imposing an outer limit on the accumulation of consecutive sentences limits the utility of the comments to MPC section 7.06 in that regard, see Hudson, supra, 209 N.J. at 530 n.9, the Court has since resorted to the commentary to shed light on other parts of the statute.  See Robinson, supra, 217 N.J. at 606.

Subsection b of N.J.S.A. 2C:44-5, including its exception for offenses committed "while in custody" is virtually identical to subsection (2) of MPC 7.06.  The only difference is New Jersey's use of the word "offense" where the MPC uses "crime."[8]

The comments to MPC section 7.06 explain that "[a]s indicated by the phrase 'other than a crime committed while in

_____

[7] The Supreme Court has observed that "[t]he New Jersey Criminal Law Revision Commission's commentary on this section provides little guidance."  Robinson, supra, 217 N.J. at 606 n.4 (citing II Final Report of the New Jersey Criminal Law Revision Commission, The New Jersey Penal Code: Commentary § 2C:44-5 at 335 (1971)).

[8] See N.J.S.A. 2C:1-14k (defining offense to include crimes, disorderly persons offenses and petty disorderly persons offenses "unless a particular section in this code is intended to apply to less than all three").

custody'" subsection (2) "does not cover offenses committed while the defendant is in custody preparatory to either the first or the second trial." Model Penal Code § 7.06, commentary at 278-79. A footnote makes clear that "[c]ustody for this purpose would also include a defendant released on recognizance or on bail." Id. at 279 n.15 (emphasis added). The comment continues:

> Subsection (2) assures that when an offender is apprehended for multiple offenses he will not be afforded disparate treatment depending upon the number or order of his trials. At the same time, the quoted phrase ["other than a crime committed while in custody"] prevents insulation from additional sentences for offenses committed during custody after the time of apprehension, with the dangerous immunity that this would imply.

> [Id. at 279.]

The MPC Commentary on subsection (2) of 7.06 identifies the purpose behind the provision and provides meaning for the phrase "while in custody." Both speak directly to defendant's situation. Subsection b guarantees a defendant that the timing of his trials for multiple charges will have as little bearing as possible on his exposure to multiple extended-term sentences, thereby thwarting a prosecutor who might attempt to manipulate the sequence of trials to maximize the length of the defendant's sentences. See State v. L.H., 206 N.J. 528, 548 (2011).

13

Because defendant committed the kidnapping and rape charged in Indictment II two days before jury selection was scheduled to begin in his trial on Indictment I, the risk for such manipulation here was minimal, if not non-existent.

But the subsection also insures that the protection from multiple extended-term sentences is not afforded to insulate a defendant from an otherwise applicable extended-term sentence for an offense he commits while on bail awaiting trial for the first offense.  To do otherwise would be akin to allowing a defendant a "free crime," at least with respect to extended-term exposure.  See State v. Yarbough, 100 N.J. 627, 643 (1985), cert. denied, 475 U.S. 1014, 106 S. Ct. 1193, 89 L. Ed. 2d 308 (1986).  The subsection thus prevents both the State and the defendant from thwarting the statutory purpose of insuring sentencing uniformity and fairness.

Interpreting the "in custody" language in this manner is in keeping with traditional notions of a person's status while on bail awaiting trial, see supra, note 6, and is also consistent with the 1983 amendment to N.J.S.A. 2C:44-5, which added subsection h, creating a presumption that a term of imprisonment

> for an offense committed while released,
> with or without bail, pending disposition of
> a previous offense . . . shall run
> consecutively to any sentence of
> imprisonment imposed for the previous
> offense, unless the court in consideration

> of the character and conditions of the
> defendant, finds that imposition of
> consecutive sentences would be a serious
> injustice which overrides the need to deter
> such conduct by others.
>
> [N.J.S.A. 2C:44-5h.]

The Court has noted that "the objective of the 1983 amendments was to stiffen penalties for defendants who commit crimes while released on probation, parole, or bail." State v. Sutton, 132 N.J. 471, 482 (1993).[9]

Having considered the statutory language and available legislative history, we are convinced that defendant's second extended-term sentence for kidnapping arising out of Indictment II, committed while he was on probation and out on bail awaiting trial on Indictment I was not an illegal sentence under N.J.S.A. 2C:44-5b. The MPC Commentary is persuasive authority which defendant cannot counter. The meaning of "in custody" as used in Rule 3:21-8, which was enacted at a different time for a different purpose by a different branch of government, offers

---

[9] In 1997 after defendant's crimes, the Legislature adopted N.J.S.A. 2C:44-5.1, which, among other things, makes the imposition of an extended-term sentence mandatory when a defendant is being sentenced following a conviction for any one of several enumerated crimes, including kidnapping, if "the defendant was released on bail or on his own recognizance for one of the enumerated crimes and was convicted of that crime." N.J.S.A. 2C:44-5.1a.

nothing to illuminate the Legislature's employment of the term in N.J.S.A. 2C:44-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION