**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5991-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANTHONY DUDLEY,

     Defendant-Appellant.

_____

Argued telephonically June 4, 2020 –
Decided July 7, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment Nos. 00-04-0650 and 00-04-0654.

Alison Gifford, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Alison Gifford, of counsel and on the brief).

Valeria Dominguez, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Valeria Dominguez, of counsel and on the brief).

PER CURIAM

Defendant Anthony Dudley appeals from the July 12, 2018 order of the Law Division denying his motion to correct an illegal sentence. We affirm, albeit for reasons different from those expressed by the trial court.

I.

The following facts are derived from the record. On September 6, 1999, defendant participated in an armed robbery of a church bingo hall by threatening to kill an elderly man. A little more than a month later, on October 9, 1999, defendant committed an armed robbery of a McDonald's restaurant by putting a loaded automatic weapon to the store manager's head and fleeing with approximately $2000.

On April 6, 2000, a grand jury returned two indictments against defendant. The first related to the bingo hall armed robbery and the second to the restaurant armed robbery.

The bingo hall armed robbery charges were tried first. A jury convicted defendant of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

A-5991-17T1

On January 4, 2002, the trial court sentenced defendant for the bingo hall armed robbery convictions. Upon the State's application, the court imposed a discretionary extended term based on defendant's status as a persistent offender pursuant to N.J.S.A. 2C:44-3(a). For first-degree armed robbery, the court sentenced defendant to a discretionary extended term of fifty years of imprisonment. Pursuant to the Graves Act, N.J.S.A. 2C:43-6, the court imposed a twenty-two-year period of parole ineligibility. After sentencing on the other counts, the term of imprisonment on the armed robbery conviction became the controlling term.

The charges arising from the restaurant armed robbery were tried in 2003. A jury convicted defendant on all counts: first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree armed burglary, N.J.S.A. 2C:18-2; second-degree conspiracy to commit armed robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

The State applied for a mandatory extended term under N.J.S.A. 2C:44-3(d), a provision of the Graves Act, and a discretionary term as a persistent offender under N.J.S.A. 2C:44-3(a). The court determined defendant was

subject to both a mandatory extended term under the Graves Act and a discretionary extended term as a persistent offender.

Under N.J.S.A. 2C:44-3(d), the court imposed a mandatory extended term of fifty years of imprisonment, with a parole ineligibility period of twenty-three years, on the armed robbery conviction. After sentencing on the other counts, the term of imprisonment on the armed robbery conviction became the controlling term.[1] The court ordered the sentences on the restaurant armed robbery convictions to run consecutively to the sentences on the bingo hall armed robbery convictions, resulting in an aggregate sentence of 100 years with a forty-five-year period of parole ineligibility.

We affirmed defendant's convictions and sentence for the bingo hall armed robbery. State v. Dudley, No. A-3566-01 (App. Div. Jun. 3, 2003). The Supreme Court denied defendant's petition for certification. State v. Dudley, 178 N.J. 29 (2003).

Defendant subsequently filed a petition for post-conviction relief (PCR) with respect to the bingo hall armed robbery convictions, alleging ineffective

---

[1] The court also imposed a concurrent discretionary extended term based on defendant's status as a persistent offender, which is prohibited by N.J.S.A. 2C:44-5(a)(2). However, defendant does not appeal this aspect of his sentence because the mandatory extended term controls the length of his sentence for the armed robbery of the restaurant.

assistance of trial and appellate counsel. We affirmed the trial court's denial of the petition. State v. Dudley, No. A-4033-04 (App. Div. Jan. 29, 2007). The trial court denied a second PCR petition on June 28, 2012.

Twelve years later, defendant filed a motion to correct an illegal sentence on the bingo hall armed robbery convictions pursuant to Rule 3:21-10(b)(5). We affirmed the trial court's denial of the motion, noting the sole issue defendant raised, concerning imposition of a parole disqualifier, had already been rejected on direct appeal. State v. Dudley, No. A-3601-15 (App. Div. Apr. 13, 2017).

We affirmed defendant's appeal of his convictions and sentence for the restaurant armed robbery. State v. Dudley, No. A-1020-03 (App. Div. Feb. 5, 2007). The Supreme Court denied certification. State v. Dudley, 196 N.J. 598 (2008).

Defendant thereafter filed a PCR petition with respect to the restaurant armed robbery convictions. We affirmed the trial court's denial of the petition. State v. Dudley, No. A-2415-10 (App. Div. Apr. 23, 2012). The Supreme Court denied certification. State v. Dudley, 212 N.J. 431 (2012).

On October 27, 2017, defendant moved in the Law Division pursuant to Rule 3:21-10(b)(5) to correct an illegal sentence with respect to the restaurant armed robbery. It is the denial of this motion that is presently before us.

Defendant argued the trial court acted contrary to N.J.S.A. 2C:44-5(a)(2) and (b)(1) when it imposed what he described as a discretionary extended term of imprisonment for his restaurant armed robbery conviction after having imposed a discretionary extended term on his bingo hall armed robbery conviction. Defendant's moving papers do not acknowledge that the second sentencing court imposed a mandatory extended term for the restaurant armed robbery and that the mandatory term controlled the length of his sentence.

On July 12, 2018, the trial court denied defendant's motion. The court found the motion was procedurally barred under Rule 3:22-5 because defendant's sentence on the restaurant armed robbery had been "thoroughly reviewed multiple times," and he was not entitled to a "second or third opportunity to have the same arguments heard."

For the sake of completeness, the trial court decided the substance of defendant's motion. The court mistakenly found that "each of the defendant's sentences have been mandated by law." The court concluded the sentencing courts "had minimal discretion at the sentencing, so imposing two extended mandatory terms was, in fact, proper . . . ." The court entered an order denying the motion on July 12, 2018.

A-5991-17T1

This appeal followed. Defendant raises the following arguments for our consideration:

POINT I

MR. DUDLEY'S MOTION IS NOT PROCEDURALLY BARRED BECAUSE IT RAISES A CLAIM OF ILLEGAL SENTENCE THAT HAS NOT PREVIOUSLY BEEN ADJUDICATED ON THE MERITS.

POINT II

MR. DUDLEY'S SENTENCE IS ILLEGAL BECAUSE IT VIOLATES N.J.S.A. 2C:44-5[(b)](1)'S BAR ON MULTIPLE EXTENDED TERMS.

II.

Whether defendant's motion is procedurally barred is a legal question subject to de novo review. State v. Robinson, 217 N.J. 594, 603-04 (2014). The trial court relied on Rule 3:22-5 when reaching its conclusion defendant's motion was barred. The Rule provides that

> [a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal take from such proceedings.

This rule, however, does not apply to defendant's motion. Rule 3:22-5 applies to claims raised in a PCR petition. This appeal does not arise from the

7

denial of PCR. As explained in Rule 3:22-2(c), a defendant's challenge to an illegal sentence is cognizable as a PCR claim only when "raised together with other grounds cognizable under paragraph (a), (b), or (d) of" the rule. "Otherwise a claim alleging the imposition of sentence . . . not in accordance with the sentence authorized by law shall be filed pursuant to R. 3:21-10(b)(5)." R. 3:22-2(c). Defendant did not challenge the legality of his sentence along with any other claims cognizable in a PCR petition. He instead filed a motion to correct an illegal sentence under Rule 3:21-10(b)(5).

Holding that Rule 3:22-5's provisions do not apply here is not to say that defendant's challenge to his sentence may be raised even if it was adjudicated in a prior proceeding. Under the doctrine of the law of the case, "if an issue . . . has been determined on the merits in a prior appeal it cannot be relitigated in a later appeal of the same case, even if of constitutional dimension." Wash. Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 564 (App. Div. 2010). This "doctrine is more stringent when it is applied to a prior appellate decision in the same case." SMB Assocs. (Anchoring Point) v. N.J. Dep't of Envtl. Prot., 264 N.J. Super. 38, 60 (App. Div. 1993), aff'd, 137 N.J. 58 (1994).

Having carefully reviewed defendant's direct appeal and PCR petitions, we discern no prior argument by him that the sentence he received for the

restaurant armed robbery was illegal under N.J.S.A. 2C:44-5(a)(2) and (b)(1). While defendant argued that his restaurant armed robbery sentence was excessive, did not comport with statutory provisions relating to the period of parole ineligibility, and was faulty in other ways, he did not previously argue that imposition of an extended term was illegal under N.J.S.A. 2C:44-5(a)(2) and (b)(1). The motion to correct an illegal sentence, therefore, was not procedurally barred, and could be raised at any time prior to completion of the sentence. See State v. Schubert, 212 N.J. 295, 309 (2012); State v. Acevedo, 205 N.J. 40, 45 (2011).[2]

We turn to defendant's substantive arguments. Generally, we review sentencing decisions for an abuse of discretion. See State v. Blackmon, 202 N.J. 283, 297 (2010). However, we review de novo questions of law related to sentencing, such as the meaning of a sentencing statute. See State v. Gandhi, 201 N.J. 161, 176 (2010).

"A sentence is illegal if it exceeds the maximum penalty provided in the Code for a particular offense, is not imposed in accordance with law, or fails to include a mandatory sentencing requirement." State v. Bass, 457 N.J. Super. 1,

---

[2] We reach the same conclusion with respect to the State's argument that defendant's motion is barred by Rule 3:22-4 because he did not raise the argument in prior PCR petitions.

8 (App. Div. 2018) (internal quotations omitted) (quoting State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018)).

Our Code of Criminal Justice "provides for ordinary sentences, N.J.S.A. 2C:43-6[(a)], as well as extended-term sentences that carry greater punishment for the same crime." State v. Pierce, 188 N.J. 155, 161 (2006). Although some extended terms are mandatory, others are within the discretion of the trial court when statutory requirements are met. Ibid.

Defendant concedes two statutory provisions concerning extended sentences, one discretionary and one mandatory, are applicable to him. Defendant's criminal history at the time of the two armed robberies qualified him as a persistent offender under N.J.S.A. 2C:44-3(a), giving the court the discretion, at the State's request, to sentence him to a broader sentencing range, with the maximum sentence being the top of the range for a crime one degree higher than the crime of which he was convicted. Pierce, 188 N.J. at 166-69. In addition, defendant's conviction of the restaurant armed robbery was his second conviction of a Graves Act crime, subjecting him to a mandatory extended term. N.J.S.A. 2C:44-3(d). Imposition of a mandatory extended term under N.J.S.A. 2C:44-3(d) does not require the State's request where a defendant is convicted

10

of a crime, including armed robbery, enumerated in N.J.S.A. 2C:43-6(c) or (g). N.J.S.A. 2C:44-3; State v. Connell, 208 N.J. Super. 688, 691 (App. Div. 1986).

Defendant's arguments concern the timing and interplay of these two extended term provisions in light of N.J.S.A. 2C:44-5(a)(2) and (b)(1). Those provisions state, in relevant part:

> a.    Sentences of imprisonment for more than one offense. When multiple sentences of imprisonment are imposed on a defendant for more than one offense . . . such multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence, except that:
>
> . . . .
>
> (2)    Not more than one sentence for an extended term shall be imposed.
>
> . . . .
>
> b.    Sentences of imprisonment imposed at different times. When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence . . . :
>
> (1)    The multiple sentences imposed shall so far as possible conform to subsection a. of this section . . . .
>
> [N.J.S.A. 2C:44-5.]

N.J.S.A. 2C:44-5(a) prohibits the imposition, at one sentencing proceeding, of multiple extended terms on counts from the same indictment.

A-5991-17T1

State v. Papasavvas, 163 N.J. 565, 627 (2000). N.J.S.A. 2C:44-5(b)(1), on the other hand, concerns the imposition of an extended term at a second sentencing proceeding for crimes committed before the first sentencing proceeding at which an extended term was imposed, as is the case here. See State v. L.H., 206 N.J. 528, 547 (2011) (Rivera-Soto, J., concurring) (N.J.S.A. 2C:44-5(b) "is addressed to the problem of a sentence of imprisonment imposed on a person who is already serving a term under a sentence imposed for an earlier offense." (internal citation, quotation marks, and emphasis omitted)).

The Supreme Court examined the meaning of N.J.S.A. 2C:44-5(b)(1) in State v. Hudson, 209 N.J. 513 (2012). In that case, the defendant was sentenced to a discretionary extended term for an offense committed prior to the imposition of the discretionary extended term he was then serving. Id. at 517. Finding the statute unambiguous, the Court held that "[m]ultiple extended terms are thus generally forbidden by subsection b when a defendant is being sentenced for an offense committed prior to the former sentence that may combine or overlap with the sentence about to be imposed." Id. at 534. Applying this holding, the Court vacated the defendant's second discretionary extended term. Id. at 538.

In reaching its conclusion, the Court broadly interpreted the phrase "so far as possible" in N.J.S.A. 2C:44-5(b)(1):

[i]n our view, 'so far as possible' supports that the Legislature wanted the limitation <u>so far as</u> "possible." Plainly, the limitation would be excused from application when following its mandate would <u>not</u> be possible. By using the word "possible," the Legislature has made the prohibition the default, unless it is not possible to conform the sentence to subsection a's prohibition against multiple extended terms.

[<u>Id.</u> at 534.]

Critical to the present matter, however, the Court acknowledged that the broad reach of the statute was circumscribed in one way:

The construction given to the qualifying "so far as possible" language does not render the qualifier superfluous. The qualifier would come into application, certainly, if the offense for which a defendant (who is already serving a discretionary extended term) is being sentenced, second in time, is one that is subject to a mandatory term. <u>See, e.g.</u>, N.J.S.A. 2C:43-6(f). In such circumstances, the law requiring the mandatory extended term would override the more general sentencing direction contained in N.J.S.A. 2C:44-5(b)(1).

[<u>Id.</u> at 535.]

These are precisely the facts before us. Defendant, who was serving a discretionary extended term for the bingo hall armed robbery, was convicted in the second trial of armed robbery, a Graves Act crime, after having been previously convicted of a Graves Act crime in the first trial. He was, therefore, subject to a mandatory extended term under N.J.S.A. 2C:44-3(d). The Supreme

Court has unequivocally held that a mandatory term provision applicable at a second sentencing hearing overrides N.J.S.A. 2C:44-5(b)(1). We are, of course, bound by the Supreme Court's holding in Hudson, which precludes the relief sought by defendant in his motion to correct an illegal sentence.

We reject defendant's argument that we should interpret the holding in Hudson to require the State to coordinate the sentencing of separate crimes, charged in separate indictments, so that a defendant does not face the possibility of receiving both a discretionary extended term and a mandatory extended term. Defendant argues that had the State delayed sentencing on the bingo hall armed robbery convictions until after resolution of the restaurant armed robbery charges, he could have been sentenced for all of his crimes in a single proceeding and been subject to only one extended term pursuant to N.J.S.A. 2C:44-5(a)(2), even though eligible for both a mandatory extended term (on the restaurant armed robbery) and two discretionary extended terms (one for each robbery).

There is nothing in the holding in Hudson suggesting an obligation on the part of the State to ensure that a defendant face only a single extended term at sentencing when he is charged with counts that potentially expose him to both a discretionary extended term and a mandatory extended term for separate crimes charged in separate indictments. In fact, the Court held that a mandatory

extended term provision "override[s]" the sentencing limitation established in N.J.S.A. 2C:44-5(b)(1). It is difficult to see how that holding can be interpreted as creating an obligation on the part of the State to manage the sentencing of its cases to avoid imposition of two extended terms. Defendant, in effect, asks us to rewrite the Court's unequivocal holding in Hudson. We decline to do so.[3]

Nor are we persuaded by defendant's argument that the Court's holding in Hudson was effectively overruled by its subsequent holding in Robinson. Robinson was convicted at trial of four counts in a single indictment arising from his participation in drug transactions. 217 N.J. at 599. Initially, he received two mandatory extended terms. Id. at 600. He subsequently moved for a reduction in his sentence, arguing the trial court acted contrary to N.J.S.A. 2C:44-5(a)(2) when it imposed more than one extended term at one sentencing hearing. Id. at 600-01. The trial court, finding Robinson did not satisfy the qualifications for one of the mandatory extended terms, resentenced him to one

---

[3]   We note defendant did not request that the court delay sentencing for the bingo hall armed robbery convictions until completion of the restaurant armed robbery trial. The trial court, therefore, did not have an opportunity to create a record with respect to whether a sentencing delay would have been feasible or practical. Nor did defendant create a record establishing that the State intentionally manipulated the sentencing of the two sets of charges to expose defendant to both a mandatory extended term and a discretionary extended term. See State v. Boykins, 447 N.J. Super. 213, 222 (App. Div. 2016).

discretionary extended term and one mandatory extended term under N.J.S.A. 2C:43-6(f). Id. at 601.

On appeal to this court, Robinson argued that the sentence violated N.J.S.A. 2C:44-5(a)(2) because he received more than one extended term at a single sentencing hearing. Ibid. We affirmed Robinson's sentence, holding that N.J.S.A. 2C:44-5(a)(2) does not apply to mandatory extended terms and prohibits only the imposition of two discretionary extended terms at a single sentencing proceeding. Id. at 601-02.

The Supreme Court reversed, holding "N.J.S.A. 2C:44-5(a)(2) expressly and unequivocally states that no more than one extended term sentence may be imposed in a single sentencing proceeding." Id. at 605. The Court concluded that the State could have complied with the statute's mandate by not applying for either the discretionary extended term or the mandatory extended term. Id. at 610. The Court explained that

> [a]lthough N.J.S.A. 2C:43-6(f) prescribes the imposition of an extended term of imprisonment when a defendant has been convicted previously of certain enumerated drug offenses, this provision also permits the prosecutor to waive such enhancement by declining to request imposition of the extended term. . . . [I]f the prosecutor does not request imposition of a mandatory term, the sentencing judge must impose an ordinary term of imprisonment. This extraordinary arrangement bestowed on the prosecutor by the Legislature to

determine whether a defendant shall be subject to a greater or lesser term of imprisonment also permits the State to comply with the unambiguous legislative direction of N.J.S.A. 2C:44-5(a)(2) to restrict imposition of multiple extended terms.

[Id. at 609-10 (citations omitted).]

This rationale, however, does not apply here. Defendant's mandatory extended term was not imposed pursuant to N.J.S.A. 2C:43-6(f), which is triggered only upon the prosecutor's application for an enhanced term. Instead, defendant's extended sentence was imposed pursuant to N.J.S.A. 2C:44-3(d). That provision requires imposition of an extended term with or without an application by the prosecutor. As explained in the first paragraph of N.J.S.A. 2C:44-3:

> If the grounds specified in subsection d. are found, and the person is being sentenced for the commission of any of the offenses enumerated in N.J.S. 2C:43-6c. or N.J.S. 2C:43-6g., the court shall sentence the defendant to an extended term . . . and application by the prosecutor shall not be required.

Defendant satisfied the grounds specified in N.J.S.A. 2C:44-3(d) and was convicted of a crime enumerated in N.J.S.A. 2C:43-6(c). Even if the State had not requested the imposition of an extended term on defendant at his second sentencing, the trial court was required by N.J.S.A. 2C:44-3 to impose an

extended term. The holding in <u>Robinson</u>, therefore, does not undercut the precedential value of <u>Hudson</u> as it applies to the facts of this appeal.[4]

Although the trial court denied defendant's motion under an analysis of the statute founded on a mistaken understanding of the facts, we note the well-settled principle of appellate jurisprudence: "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." <u>Hayes v. Delamotte</u>, 231 N.J. 373, 387 (2018) (quoting <u>Do-Wop Corp. v. City of Rahway</u>, 168 N.J. 191, 199 (2001)). Thus, although we affirm the trial court's order, we do so for the reasons expressed herein.

To the extent we have not specifically addressed any of defendant's remaining arguments it is because we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] We note that the Court in <u>Hudson</u> cited N.J.S.A. 2C:43-6(f) as an example of a mandatory sentence that overrides N.J.S.A. 2C:44-5(b)(1)'s prohibition on multiple extended terms imposed at consecutive sentencing hearings. While the holding in <u>Robinson</u> may suggest that, despite the holding in <u>Hudson</u>, a mandatory extended term under N.J.S.A. 2C:43-6(f) would be prohibited at a second sentencing under N.J.S.A. 2C:44-5(b)(1) because it could be waived by the prosecutor, we need not decide that issue because defendant received a mandatory extended term under a statute that does not require the prosecutor's application for an enhanced sentence.

18